S16Y1803. IN THE MATTER OF DAVID R. SICAY-PERROW.
(793 SE2d 377)

PER CURIAM.

This reciprocal disciplinary matter is before the Court on the report and recommendation of the Review Panel, recommending that David R. Sicay-Perrow (State Bar No. 645285) be suspended for three years with reinstatement in Georgia conditioned upon his reinstatement in Tennessee, where he was disbarred, see Tenn. Supreme Court Rule 9, § 4.1 (2006).[1] Because it appears that the Review Panel based its recommendation on a misunderstanding as to the Tennessee rules governing disciplinary enforcement, we reject the recommendation of the Review Panel and remand this matter for further consideration.

The procedural history of this case is complicated, but as is relevant to the matter currently before the Court, Sicay-Perrow, who was admitted to the Georgia Bar in 1990 and to the Tennessee Bar in 2009, submitted to the Tennessee disciplinary authorities a Conditional Guilty Plea, see Tenn. Supreme Ct. R. 9, § 16 (2006), in which he waived his rights to a hearing, to present evidence on his behalf, and to seek appellate review; agreed to admit that he violated the Rules, as alleged; and agreed to suffer disbarment pursuant to Tenn. Supreme Ct. R. 9, § 4.1 (2006) with a conditional right to reinstatement. The conditional plea arose out of allegations made in Tennessee that Sicay-Perrow had committed acts in 2013 which amounted to violations of Rules 1.15 (I)-(III), 5.3 (a), and 8.4 (a) (1) of the Georgia

---

[1] In an August 30, 2013 order, the Tennessee Supreme Court adopted a comprehensive revision of its Rule 9 (Disciplinary Enforcement) to take effect on January 1, 2014, but made clear that the revised rule would have prospective application only and would apply to all matters filed with or initiated before its Board of Professional Responsibility on or after that date. Because this matter was initiated before the Tennessee Board of Professional Responsibility prior to January 1, 2014, the Tennessee Supreme Court held that the matter was governed by the 2006 version of Tennessee Supreme Court Rule 9, except as otherwise noted. The Court then noted that Sicay-Perrow was required to comply with the 2014 version of Rule 9 with regard to the procedure for reinstatement, see Supreme Ct. R. 9, § 30 (2014).

Rules of Professional Conduct.[2] A hearing panel in Tennessee issued an order recommending acceptance of the Conditional Guilty Plea and on January 26, 2016, the Tennessee Supreme Court issued an Order of Enforcement, noting that Sicay-Perrow had been administratively suspended in Tennessee since August 19, 2015, for failure to comply with CLE requirements and had never requested reinstatement, but accepting Sicay-Perrow's Conditional Guilty Plea and its proposed conditions on reinstatement. The Tennessee Supreme Court stated that its administrative suspension would remain in place, and imposed disbarment to be effective ten days after entry of its order.

In April 2016 the State Bar of Georgia filed, pursuant to Rule 9.4 (b) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), a notice of reciprocal discipline in which it did not specify what discipline it believed should be imposed on Sicay-Perrow, but did attach a certified copy of the Tennessee Order of Enforcement. Sicay-Perrow acknowledged service of the notice of reciprocal discipline and filed both a response and a supplemental response, in which he did not dispute that he committed the violations asserted, but argued that mitigating factors existed which should lessen the discipline imposed in Georgia.

The State Bar responded that since Sicay-Perrow failed to establish the existence of a sufficient basis for a different recommendation as to discipline, see Rule 9.4 (b) (3) (i)-(vi), the Review Panel was required to recommend the discipline most similar to the disbarment with conditions on reinstatement as was imposed in Tennessee. The State Bar cited to Tennessee Supreme Court Rule 9, § 30.4 (d) (7) (2014) to argue that the disbarment with conditions on reinstatement as imposed on Sicay-Perrow in Tennessee is not substantially similar to disbarment in Georgia, in part because Georgia's disciplinary rules do not allow for "reinstatement" of a disbarred attorney, but instead clarify that disbarment completely removes an attorney from the practice of law and requires him to seek readmission through a separate process with the State Board of Bar Examiners. The Bar asserted that the most similar Georgia discipline to that imposed on Sicay-Perrow in Tennessee would be an indefinite suspension with conditions on reinstatement.

The Review Panel agreed that Sicay-Perrow had not established any of the factors set out in Rule 9.4 (b) (3) which would allow for imposition of a different discipline than that imposed in Tennessee, and thus found itself constrained by the Bar Rules governing reciprocal discipline to recommend the imposition of substantially similar

---

[2] The Tennessee Supreme Court applied its Rule 8.5 (b) (2) (Choice of Law) to this matter.

discipline as was imposed in Tennessee. The Review Panel also agreed, however, that Georgia has no discipline identical to the disbarment with conditions on reinstatement as was imposed in Tennessee. It noted that disbarment in Georgia results in the complete removal of an attorney from the practice of law and that readmission following disbarment in Georgia may be sought only through a separate application process controlled through the State Board of Bar Examiners after a five-year waiting period, see Part A, Section 10 (a) of the Supreme Court of Georgia's Rules Governing Admission to the Practice of Law. It noted that the process includes a complete analysis of the disciplinary proceedings; that the application ultimately is reviewed by the Supreme Court; and that once certified for fitness, the disbarred lawyer must take and pass the Bar Examination prior to readmission. Finding that, in Tennessee, a disbarred lawyer is eligible to apply for reinstatement from the Tennessee disciplinary authorities at any time after he satisfies the conditions set forth in the order of discipline, the Review Panel concluded that a three-year suspension from the practice of law with conditions on reinstatement would be substantially similar discipline to the disbarment of Sicay-Perrow with conditions on reinstatement in Tennessee as described in the Order of Enforcement of the Tennessee Supreme Court dated January 26, 2016.

Although it does appear that the same disciplinary authority may govern disbarment and reinstatement of attorneys in Tennessee, our review of the Tennessee disciplinary rules shows that both before and after the 2014 revision to the Tennessee rule governing disciplinary enforcement, a disbarred attorney was prohibited from applying for reinstatement until the expiration of at least five years from the effective date of the disbarment, see Tenn. Supreme Ct. R. 9, § 19.2 (2006) and Tenn. Supreme Ct. R. 9, § 30.2 (2014); that reinstatement in Tennessee is conditioned upon a showing that the attorney is "fit" to return to the practice of law, see Tenn. Supreme Ct. R. 9, § 19.3 (2006) and Tenn. Supreme Ct. R. 9, § 30.4 (d) (3) (2014); and that reinstatement can be conditioned, at the discretion of the Tennessee Supreme Court, upon certification by the Board of Law Examiners of the attorney's successful completion of the examination for admission to practice, see Tenn. Supreme Ct. R. 9, § 19.7 (2006) and Tenn. Supreme Ct. R. 9, § 30.4 (d) (7) (2014). As it appears therefore that the Review Panel considered the existence of substantially similar discipline based on a mistaken understanding of the Tennessee Rules, we hereby remand this matter for reconsideration by the Review Panel.

*Remanded to the Review Panel. All the Justices concur.*

DECIDED NOVEMBER 7, 2016.

*Paula J. Frederick, General Counsel State Bar, Wolanda R. Shelton, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Giacoma Schleicher Roberts & Daughdrill, Gene Chapman*, for Sicay-Perrow.