301 Ga. 666
FINAL COPY

S17Y1439. IN THE MATTER OF DAVID R. SICAY-PERROW.

PER CURIAM.

Following this Court's remand of this reciprocal disciplinary matter, see In the Matter of Sicay-Perrow, 300 Ga. 136 (793 SE2d 377) (2016), the Review Panel issued a new report and recommendation in which it recommended that David R. Sicay-Perrow (State Bar No. 645285) be suspended from the practice of law in Georgia for a period of five years or until such time as he is reinstated to practice in Tennessee, whichever event occurs earlier. The Review Panel also recommended as a condition of reinstatement that Sicay-Perrow be required to satisfy his obligations to Trustee Management Corporation and Fidelity Bank, as referenced in the Tennessee Order of Enforcement dated January 26, 2016. As neither Sicay-Perrow nor the Bar has filed any exceptions to the Review Panel's report and recommendation, the matter is ripe for review. See Bar Rule 4-219.

Details of Sicay-Perrow's case can be found in In the Matter of Sicay-

Perrow, supra, but in relevant part, Sicay-Perrow, who was admitted to the Georgia Bar in 1990, entered a conditional guilty plea to a disciplinary matter pending in Tennessee based on actions undertaken in Georgia. Pursuant to that plea, he admitted committing acts in 2013 which amounted to violations of Rules 1.15 (I)-(III), 5.3 (a), and 8.4 (a) (1) of the Georgia Rules of Professional Conduct, see Bar Rule 4-201 (d), and agreed to suffer disbarment pursuant to Tenn. Supreme Court Rule 9, § 4.1 (2006) with a conditional right to reinstatement. As a result, this reciprocal disciplinary matter was initiated in Georgia, see Rule 9.4 (b), and although Sicay-Perrow argued that mitigating factors existed which should lessen the discipline imposed in Georgia, see Rule 9.4 (b) (3) (i)-(vi) (Review Panel shall recommend substantially similar discipline unless lawyer demonstrates, or Review Panel finds from the face of the record, the existence of mitigating factors), both the State Bar and the Review Panel disagreed and focused instead on determining what would be a substantially similar discipline to that imposed in Tennessee. After reviewing the Tennessee disciplinary rules, the Review Panel found that disbarment in Georgia was not substantially similar to disbarment with a conditional right of reinstatement in Tennessee, and therefore recommended a three-year suspension

with reinstatement in Georgia conditioned on reinstatement in Tennessee and his satisfaction of certain monetary obligations.

On review, this Court found that the Review Panel considered the existence of substantially similar discipline based on a mistaken understanding of the Tennessee Rules. See In the Matter of Sicay-Perrow, 300 Ga. at 138. It recited those Rules and remanded this matter for reconsideration by the Review Panel. Id. On remand, the Review Panel engaged in an in-depth comparison of the Tennessee Rules governing disbarment with a conditional right of reinstatement and the Georgia rules governing disbarment and concluded that the punishments were dissimilar in two main ways: in Georgia, a disbarred attorney must seek readmission through the Office of Bar Admissions, which is separate from the disciplinary system, and must take and pass the bar examination prior to readmission, see Part A, Section 10 (a) of the Supreme Court of Georgia's Rules Governing Admission to the Practice of Law, while in Tennessee, a lawyer disbarred with a conditional right of reinstatement must seek readmission by filing a petition for reinstatement within the disciplinary system; that petition is referred to a hearing panel; and the question of whether to condition reinstatement upon the lawyer's successful completion of an

3

admission examination is wholly within the discretion of that hearing panel or a reviewing court. See Tenn. Supreme Court Rule 9, § 19.7 (2006) and Tenn. Supreme Court Rule 9, § 30.4 (d) (7) (2014). Based on its comparison, the Review Panel found that a substantially similar discipline in Georgia to that imposed in Tennessee would be for Sicay-Perrow to be suspended from the practice of law in Georgia for a period of five years or until such time as he is reinstated to practice in Tennessee, whichever event occurs earlier. It further conditioned Sicay-Perrow's right to reinstatement on satisfaction of his obligations to Trustee Management Corporation and Fidelity Bank, as referenced in the Tennessee Order of Enforcement.

After review and consideration of the record and all of the pleadings filed by the parties, we accept the Review Panel's determination as to substantially similar discipline. Accordingly, we hereby order that, as a result of his admitted violations of Rules 1.15 (I)-(III), 5.3 (a) and 8.4 (a) (1), Sicay-Perrow be suspended from the practice of law for a period of five years or until such time as he is reinstated to practice in Tennessee, whichever event occurs earlier, and that his reinstatement be conditioned on satisfactory proof that he has complied with his obligations to Trustee Management Corporation and Fidelity Bank, as

referenced in the Tennessee Order of Enforcement.  At the conclusion of the suspension imposed in this matter, Sicay-Perrow may seek reinstatement by demonstrating to the State Bar's Office of General Counsel that he has met the conditions for reinstatement. If the State Bar agrees that the conditions have been met, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement.  Sicay-Perrow is reminded of his duties under Bar Rule 4-219 (c).

Suspension with conditions for reinstatement.  All the Justices concur.

Decided June 30, 2017.

Suspension.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman,

5

Wolanda R. Shelton, Assistant General Counsel State Bar, for State Bar of Georgia.

Giacoma Schleicher Roberts & Daughdrill, Gene Chapman, for Sicay-Perrow.