## S95Y0168. IN THE MATTER OF JACK O. MORSE.

(470 SE2d 232)

PER CURIAM.

This Court previously held that Jack O. Morse violated Standards 4, 22 (b), and 45 of State Bar Rule 4-102 and remanded to the review panel of the State Disciplinary Board for a recommended pun-

ishment.[1] By a divided vote, the review panel recommended that Morse receive a public reprimand. Since Morse has exhibited a pattern of repeated disregard of the disciplinary standards, we reject that recommendation and order his suspension from the practice of law in Georgia.

Like the review panel, we look to the American Bar Association's standards for guidance in determining the appropriate sanction to impose.[2] Among the factors to consider are the duty violated, the lawyer's mental state, the injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors.

In the first disciplinary action, Morse violated Standard 22 (b) by failing to return his client's papers for ten months and attaching an attorney's lien to her claim without providing documentary support. He did not release the file or lien until the client filed a grievance with the State Bar. His actions violated his duty to his client to act diligently and his duty to the legal profession to properly withdraw from representation. The review panel concluded that Morse acted intentionally. His actions forced another attorney to reconstruct the client's file and caused a substantial delay in his former client's receipt of settlement proceeds.

In the second action, Morse violated Standard 4 when he asked a client to sign an agreement settling a workers' compensation claim without explaining the legal effect of the agreement and violated Standard 45 (b) by knowingly making a false statement that he had witnessed the signing of a settlement agreement when the client, in fact, never signed the agreement. These actions violated Morse's duty as a lawyer to the legal system, although the review panel found no evidence of intentional misconduct or harm to the client.

We find that the key factor in determining the appropriate punishment in these two actions is the aggravating factor of Morse's prior disciplinary offenses. In 1993, Morse received review panel reprimands for failing to respond to the investigative panel concerning allegations in two separate matters and for using runners to solicit clients and sharing legal fees with non-lawyers in a third action. Although his infractions here differ, they do demonstrate a general pattern of disregard towards the profession's standards of conduct.

Originally, this Court ordered a six-month suspension, which was consistent with the discipline imposed in other disciplinary proceedings for similar misconduct.[3] In his motion for reconsideration, Morse

---

[1] *In the Matter of Morse*, 265 Ga. 353 (456 SE2d 52) (1995).

[2] ABA Standards for Imposing Lawyer Sanctions (1991 ed.).

[3] See, e.g., *In the Matter of Corn*, 252 Ga. 37 (311 SE2d 447) (1984) (six-month suspension for refusing to perform necessary work to obtain client's divorce and to return client's papers); see also *In the Matter of Collins*, 261 Ga. 802 (411 SE2d 711) (1992) (one-year

outlines mitigating circumstances based on the suicide of his former partner around the time of the events that led to the current disciplinary actions. Because of this mitigating factor, we reduce Morse's suspension from the practice of law in Georgia to 90 days. We remind Morse of his obligations under Rule 4-219 (c) during his period of suspension.

*Suspended. All the Justices concur.*

DECIDED MAY 7, 1996.

*William P. Smith III, General Counsel State Bar, Cynthia C. Hinrichs, Assistant General Counsel State Bar,* for State Bar of Georgia.

*James E. Spence, Jr.,* for Morse.

---

suspension for abandoning a legal matter, refusing to return the client's file, and failing to take reasonable steps to avoid prejudice to client's rights); *In the Matter of Collins,* 261 Ga. 622 (409 SE2d 662) (1991) (six-month suspension for failing to appear at bankruptcy hearing, notify client of court's dismissal of action, and return attorney fees or client's papers).