## S12Y0125. IN THE MATTER OF KOTA CHALFANT SUTTLE.

(720 SE2d 638)

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline seeking the disbarment of Kota Chalfant Suttle (State Bar No. 693483). Suttle, who was admitted to the Bar in 2002, is currently under a two-year suspension, with conditions for reinstatement, following his conviction on one felony count of residential mortgage fraud, for which he received a misdemeanor sentence as a first offender. *In the Matter of Suttle*, 288 Ga. 14 (701 SE2d 154) (2010). The State Bar served the Notice of Discipline on Suttle personally, but Suttle failed to file a Notice of Rejection. Therefore, he is in default, has waived his rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Suttle's default, show that in the disciplinary matter that led to Suttle's suspension, a consent order was entered on March 22, 2010 prohibiting Suttle from engaging in the practice of law until the matter was finally resolved. Nevertheless, in July 2010 Suttle agreed to handle a real estate transaction for a client and by July 28, 2010 was given $2,000,000 for deposit into his attorney trust account. The client later determined that the transaction was fraudulent and directed Suttle to return the $2,000,000. Suttle at first returned only $500,000, but the following week he returned the remaining funds, less $18,000, which he claimed as attorney fees. The client requested the return of the $18,000, but Suttle refused to return the funds or otherwise account for them. The Investigative Panel determined that Suttle's efforts in the matter did not justify an $18,000 fee or any fee. After being personally served with a Notice of Investigation in this matter, Suttle failed to file a sworn, written response, as required by Bar Rule 4-204.3.

Based on these facts, the Investigative Panel determined that Suttle violated Rules 1.2 (a), 1.3, 1.4, 1.15 (I), 1.15 (II), 5.5 (a), 8.1 (b), 8.4 (a) (4), and 9.3, as well as all of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.2, 1.3, 1.15 (I), 1.15 (II), 5.5 (a), 8.1 (b), and 8.4 (a) (4) is disbarment, and the maximum sanction for a violation of Rules 1.4 and 9.3 is a public reprimand.

In aggravation, the Investigative Panel considered Suttle's deceit, his unauthorized practice of law, his complete failure to respond in the disciplinary matter, and his prior disciplinary record.

Having reviewed the record, we agree that disbarment is the appropriate sanction. Therefore, it is hereby ordered that the name of Kota Chalfant Suttle be removed from the rolls of persons

authorized to practice law in the State of Georgia. Suttle is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JANUARY 9, 2012.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.