S12Y0445. IN THE MATTER OF MATTHEW MARVIN WATHEN.
(721 SE2d 899)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the Special Master, Richard M. McNeely, recommending that Matthew Marvin Wathen (State Bar No. 141830) be disbarred after he settled a personal injury action for $2,250 without his client's consent and converted the settlement proceeds to his own use. Wathen did not file a request for review by the Review Panel and, therefore, is deemed to have waived any right to file exceptions before this Court, see Bar Rule 4-217 (c).

After the State Bar filed a formal complaint, Wathen failed to file an answer as required by Bar Rule 4-212 (a), and the special master found him in default. Thus, the allegations of the complaint were deemed admitted. Although the special master's order entering default permitted Wathen to offer an explanation of mitigating circumstances, Wathen did not file any such explanation.

The facts, as deemed admitted by Wathen's default, show that Wathen, who was admitted to the Bar in 2005, was hired in April 2007 to represent a client in an automobile accident case. At the time, Wathen was a member of a law firm. In 2009 Wathen settled the case with the insurer for $2,250 without his client's authoriza-

tion. Wathen deposited the settlement proceeds in the firm's operating account and then withdrew them by check payable to himself. He used all the funds for his personal expenses, failed to keep records reflecting the monies held for his client, and did not provide any accounting to his client. When Wathen withdrew from the law firm, he failed to establish a trust account for his solo practice. Wathen ceased communicating with his client, and the client had to obtain information from Wathen's former partners. Wathen's former partners met separately with Wathen and the client and subsequently paid the client $2,250. After a notice of investigation was issued, Wathen acknowledged its receipt, but failed to file a timely response as required by Bar Rule 4-204.3 (a); based on that failure this Court entered an order of interim suspension, which was lifted after Wathen did file an answer.

Based on these facts the special master concluded that Wathen violated Rules 1.2 (a), 1.3, 1.4, 1.15 (I) (a), (b), 1.15 (II) (a), (b), 1.15 (III) (a), 1.16 (d), 8.4 (a) (4), and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). Disbarment is an authorized sanction for a violation of Rules 1.2, 1.3, 1.15 (I), 1.15 (II), 1.15 (III), and 8.4.

The record supports the special master's finding of the following factors in aggravation of discipline: Wathen acted with a dishonest or selfish motive, refused to acknowledge the wrongful nature of his conduct, and showed indifference to making restitution. The record also supports the special master's finding that there are no mitigating factors.

Having reviewed the record, we agree that disbarment is the appropriate sanction. It is hereby ordered that the name of Matthew Marvin Wathen be removed from the rolls of persons authorized to practice law in the State of Georgia. Wathen is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur, except Benham, J., who dissents.*

BENHAM, Justice, dissenting.

I respectfully dissent from the decision to disbar this attorney. Instead, I would impose a two-year suspension from the practice of law, and require him to attend ethics training and to make restitution to his former law firm which had reimbursed the client. Wathen is an attorney who settled his client's case for $2,250 without the client's authorization and then, instead of safeguarding his client's property in a trust account that he had not established, he converted the settlement proceeds to his personal use. This Court unanimously has disbarred lawyers for such offenses when the lawyer has a history of disciplinary proceedings. See *In the Matter of Suttle*, 290

Ga. 368 (720 SE2d 638) (2012); *In the Matter of Mathis*, 289 Ga. 176 (712 SE2d 809) (2011). As there is no evidence of a prior disciplinary record in this case, I would impose a lesser sanction, one that takes into consideration the fact he had been in practice for a short period of time when this infraction took place; that our role in the disciplinary process is not only to punish but to rehabilitate; and it is in keeping with our rehabilitative role that we make every reasonable effort to restore errant lawyers to a state where they can engage in a respectable and honorable practice of law. Accordingly, I would not disbar Mr. Wathen but would suspend him for two years and require him to make restitution and undergo ethics training.

DECIDED JANUARY 23, 2012.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.