In the Supreme Court of Georgia

Decided:    September 12, 2016

S16Y1601.  IN THE MATTER OF C. MICHAEL ROSE.

PER CURIAM.

This matter is before the Court on the report and recommendation of the special master,[1] who recommends that attorney C. Michael Rose (State Bar No. 614173) be disbarred for his misuse of funds that he held in trust. Rose acknowledged service of the formal complaint, but he failed to file an answer as required by Bar Rule 212 (a), and so, the special master found Rose in default. By virtue of his default, Rose admitted that he agreed to close a real estate transaction in April 2014; as a part of that closing, he was entrusted with $3,549.08 by the seller and $113,162.63 by the buyer, which he deposited in separate trust accounts; he failed to promptly pay off the seller's mortgage; he either misused the funds held in trust for the real estate transaction for the benefit of other clients or commingled those funds with his own funds; he failed to account for the funds; and although he eventually paid off the seller's

---

[1] This Court appointed William Allen Myers as special master in this case.

mortgage, he did so only after the seller filed a lawsuit against him, and even then, he had to deposit his own funds into his trust account to make the payment.

The special master concluded that, by his conduct, Rose violated Rules 1.15 (I), 1.15 (II), and 8.4 (a) (4) of the Georgia Rules of Professional Conduct, Bar Rule 4-102 (d), the maximum sanction for which is disbarment. The special master noted that Rose has no prior disciplinary history, but he also found that the violations in this case were aggravated by Rose's disregard of the disciplinary process. We agree with the findings of the special master, and as to mitigation, we would add that Rose failed to provide the special master (or this Court) with any mitigating explanation of his conduct. Accordingly, we agree with the special master that disbarment is appropriate. See generally In the Matter of Wathen, 290 Ga. 438 (721 SE2d 899) (2012) (disbarring attorney for violations of several Rules, including Rules 1.15 (I)-(II) and 8.4 (a) (4), where attorney converted client funds to his own use and showed indifference to making restitution, although attorney's partners made restitution to client). Compare In the Matter of Jones, 280 Ga. 302 (627 SE2d 24) (2006) (imposing a one-year suspension for using firm's escrow account funds to pay promissory note for a separate business where no clients were harmed and where attorney

cooperated fully, made restitution, was deeply remorseful, and had no disciplinary history).

It is hereby ordered that the name of C. Michael Rose be removed from the rolls of persons authorized to practice law in the State of Georgia. Rose is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.