301 Ga. 378
FINAL COPY

S17Y1372.  IN THE MATTER OF JEFFREY W. HARRIS.

Per curiam.

This disciplinary matter is before the Court on the Report and Recommendation of special master Catherine Koura, who recommends disbarring Respondent Jeffrey W. Harris (State Bar No. 330325) for his violations of Rules 1.15 (I) and 1.15 (II).  Neither Harris nor the Bar sought review from the Review Panel and neither has filed exceptions to the Report and Recommendation. This matter is now ripe for review.

The State Bar initiated this matter by filing a formal complaint. Despite acknowledging receipt of the formal complaint, Harris, who has been a member of the Bar since 1985, failed to file an answer and therefore the special master found Harris to be in default under Bar Rule 4-212 (a). As a result of his default, Harris was deemed to have admitted the following facts and violations: in the course of his real estate practice, Harris received and administered funds regarding the sale of real estate. In January and February 2015, a bank notified the State Bar that Harris had issued nineteen (19) checks from his attorney trust

account at a time when the account held insufficient funds to pay the checks. During that same time frame, Harris deposited $12,500 of his personal funds to cure the deficiencies in his trust account, but he made duplicate withdrawals of attorney fees and did not maintain an adequate accounting of his trust account. In short, Harris misappropriated trust funds and commingled those funds with his own thereby violating both Rules 1.15 (I) and 1.15 (II), violations of which may be punished by disbarment.

As is appropriate, the special master looked to the ABA Standards for Imposing Lawyer Sanctions for guidance in determining the appropriate sanction, see In the Matter of Morse, 266 Ga. 652 (470 SE2d 232) (1996), and found in mitigation that Harris had no prior disciplinary history. See ABA Standard 9.32 (a). In aggravation, the special master found that Harris acted knowingly and caused injury or potential injury to his client, see ABA Standard 4.11, and that he had substantial experience in the practice of law. See ABA Standard 9.22 (i). Noting that Harris ignored the gravity of these disciplinary proceedings by his failure to respond, the special master concluded that Harris should be disbarred based on the violations he is deemed to have admitted. See In the Matter of Rose, 299 Ga. 665 (791 SE2d 1) (2016) (disbarred for admitted

violations of Rules 1.15 and 8.4 despite lack of prior disciplinary history where attorney offered no mitigating explanation of his conduct); In the Matter of Wathen, 290 Ga. 438 (721 SE2d 899) (2012) (disbarred for violations of several Rules, including Rules 1.15 (I) and 1.15 (II), where attorney converted client funds to his own use and showed indifference to making restitution, although attorney's partners made restitution to client); In the Matter of Goldberg, 281 Ga. 168 (635 SE2d 750) (2006) (disbarred for admitted violations of Rules 1.15 (I) and 1.15 (II) where attorney, who had prior disciplinary history, failed to respond to formal complaint alleging a pattern of misconduct and multiple offenses).

We have reviewed the record and agree that disbarment is the appropriate punishment in this case for the reasons stated by the special master, particularly in light of the fact that Harris offered no mitigating explanation of his behavior. Accordingly, it hereby is ordered that the name of Jeffrey W. Harris be removed from the rolls of attorneys licensed to practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

Decided June 5, 2017.

Disbarment.

<u>Paula J. Frederick, General Counsel State Bar, Jenny K. Mittleman, Andreea N. Morrison, Assistant General Counsel State Bar</u>, for State Bar of Georgia.