303 Ga. 672
FINAL COPY

S18Y0456, S18Y0457, S18Y0458.  IN THE MATTER OF
RONALD JOHN DOEVE (three cases).

PER CURIAM.

These three matters are before the Court on the Report and
Recommendation of the Review Panel, recommending the disbarment of Ronald
John Doeve (State Bar No. 224735) for financial misconduct and
misrepresentations made in the Bar disciplinary proceedings.  These matters
arose with the State Bar's filing of three formal complaints, which were
considered together before the special master, the Honorable Robert J.
Castellani.

All three matters are related to Doeve's representation of Vivify Holdings,
Inc. and Jason Herring, one of Vivify's corporate officers.  The facts, as found
by the special master and supported by the record, are as follows: In State
Disciplinary Board Docket (SDBD) No. 6851, Doeve agreed to act as escrow
agent for a $100,000 investment that an investor wished to make in Vivify.

Doeve agreed not to disburse the funds without the investor's approval. However, Doeve disbursed the funds to Vivify the same day the funds were wired to his trust account. Doeve failed to communicate with the investor to confirm receipt of the funds or disbursement of the funds and failed to respond to the investor's inquiries and to provide an accounting.

In SDBD No. 6853, Doeve agreed to represent a former client in obtaining funds owed by Herring. He also agreed to assist the former client's husband, the husband's company, and the former client's lawyer in obtaining funds owed by Herring. Doeve and Herring falsely represented to these individuals that Herring had $2,000,000 in available funds and that Herring had deposited $460,000 into Doeve's Chase Private Client account, which was not a trust account; Doeve wrote checks totaling $460,000 to the former client and others from the Chase account, but those checks were returned for insufficient funds. Doeve failed to provide an accounting and provided misleading information about the cause of the non-payment and when they could expect to be paid. Doeve also provided misleading information regarding this matter in the Bar disciplinary proceedings.

In SDBD No. 6854, Doeve agreed to assist Herring in paying legal fees

to a lawyer who had represented Herring's girlfriend. An intermediary was needed because the lawyer would not accept Herring's check since Herring had previously provided the lawyer with an insufficient funds check. Doeve misled the lawyer about whether he had received funds from Herring, and although Doeve later agreed to pay the lawyer $15,000, he wrote the lawyer an insufficient funds check from an account that was not a trust account. Doeve continued to mislead the lawyer about the cause for the returned check and when he could expect to be paid.

The special master found that by these actions, Doeve violated Rules 1.15 (I) and (II), 1.15 (III) (b) (2), and 8.4 (a) (4) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of each of these Rules is disbarment.

The special master found as aggravating factors that Doeve acted with a selfish or dishonest motive; that he showed indifference to making restitution; that he made false statements in the disciplinary process; that he had substantial experience in the practice of law, having been admitted to the Bar in 1982; and that the facts in the three matters showed a pattern of misconduct. The special master recommended disbarment as the appropriate sanction.

After Doeve filed exceptions to the special master's report and sought review by the Review Panel, he filed a petition for voluntary discipline and an amended petition, in which he admitted violating Rules 1.15 (I), 1.15 (II), and 1.15 (III) (b) (2) and sought to "tender his license."[1] The Review Panel did not address the newly filed petitions for voluntary discipline, but adopted the special master's report and likewise recommended disbarment.

In this Court, Doeve filed exceptions to the Review Panel's report. However, Doeve's exceptions do not challenge the crux of the allegations against him, and, in fact, he has submitted to this Court a petition for voluntary discipline, admitting violations of Rules 1.15 (I) and (II) and Rule 1.15 (III) (b) (2).

Having reviewed the record, and in light of Doeve's admissions of serious violations of the rules governing financial matters and trust accounts, we agree that disbarment is the appropriate sanction. See In the Matter of Axam, 297 Ga. 786 (778 SE2d 222) (2015) (accepting petition for voluntary surrender of

---

[1] The petition did not cite either Rule 4-110 (f) (petition for voluntary surrender of license is tantamount to disbarment) or Rule 1-208 (a) (1) (petition for leave to resign Bar membership shall contain statement that there are no disciplinary actions pending).

license where attorney received $100,000; did not place it in, or administer it from, his trust account; and disbursed the funds according to his client's instructions rather than the instructions of the owner of the funds); In the Matter of Harris, 301 Ga. 378 (801 SE2d 39) (2017) (disbarring lawyer who issued insufficient funds checks from trust account and commingled personal funds with trust account funds); In the Matter of Choi, 297 Ga. 793 (778 SE2d 228) (2015) (accepting voluntary surrender of license where attorney failed to properly manage substantial funds entrusted to him in a fiduciary capacity).

Therefore, it is hereby ordered that the name of Ronald John Doeve be removed from the rolls of persons authorized to practice law in the State of Georgia. Doeve is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

Decided May 7, 2018.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Wolanda R. Shelton, Assistant General Counsel State Bar, for State Bar of Georgia.