310 Ga. 855
FINAL COPY

S21Y0158.  IN THE MATTER OF DAVID R. SICAY-PERROW.

PER CURIAM.

This disciplinary matter is before the Court on the State Bar's Notice of Discipline, filed at the direction of the State Disciplinary Board (the "Board"), seeking the disbarment of David R. Sicay-Perrow (State Bar No. 645285), who has been a member of the State Bar since 1990, for violating Rules 1.15 (I) (a), (c), 1.15 (II) (a), (b), and 8.4 (a) (4) of the Georgia Rules of Professional Conduct found in Bar Rule 4-201 (d).  The maximum sanction for a single violation of Rules 1.15 (I), 1.15 (II) (a), (b), and 8.4 (a) (4) is disbarment.  Sicay-Perrow is currently suspended from the practice of law in this State, as reciprocal discipline for disciplinary action taken against him in Tennessee.  See *In the Matter of Sicay-Perrow*, 301 Ga. 666 (802 SE2d 252) (2017).  In July 2018, the Membership Department of the State Bar also administratively suspended his law license as a result of his failure to pay dues.

The State Bar attempted to serve Sicay-Perrow at his official address in the State Bar's membership records, but he failed to acknowledge service of the Notice of Discipline within 20 days of its mailing. Since personal service could not be perfected, Sicay-Perrow also was served by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). Sicay-Perrow failed to file a Notice of Rejection. Therefore, he is in default, has waived his right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

According to the State Bar, the Board conducted an investigation into this matter, which revealed the following facts. In January 2013, pursuant to a contingency fee agreement, a husband and wife (the "clients") retained Sicay-Perrow's law firm, Sicay-Perrow & Knighten, P.C. (the "firm"), to represent their interests in a civil collections case. Sicay-Perrow received $805 at the time he was retained. In April 2013, the clients were notified that a settlement agreement had been negotiated on the couple's behalf; in May 2013, a consent judgment was signed awarding $100,000 to the

2

clients in Hall County superior court; and the judgment was then filed with the clerk of court in August 2013. The judgment ordered the defendant to pay an initial lump sum of $30,000 to the firm on behalf of the clients — to be deposited in and administered from Sicay-Perrow's IOLTA account — and the remaining $70,000 was to be remitted by the defendant to the firm in monthly payments of $600, which were to be deposited and administered from the IOLTA account to the clients in monthly payments of $600. Sicay-Perrow received the initial lump sum of $30,000 in May 2013, but he failed to deposit it into his IOLTA account; instead, he deposited it into his business checking account. Similarly, money orders representing the defendant's June and July payments of $600 were both deposited in August 2013 in the firm's business checking account.

The clients expected to receive $23,850 from the initial lump sum (as Sicay-Perrow was entitled to $7,950 based on a contingency fee agreement). However, in September 2013, Sicay-Perrow sent the clients an e-mail stating that, "an exceptionally large amount of money was stolen by a former office manager" and "I expect that we

will be able to remit the lump sum amount to you within 30 days." Sicay-Perrow did not communicate with the clients within the promised 30 days; instead, he sent an e-mail to the clients in January 2014, confirming that he collected a total of $31,800 (the initial $30,000 and three payments of $600) of which he still owed the clients $23,850. The clients then sent Sicay-Perrow a demand letter in March 2014, and he responded that he needed a little more time or he would need to file for bankruptcy. Unbeknownst to the clients, Sicay-Perrow's law firm had been placed into receivership in March 2014. He then told the clients he would be unable to repay them until the receivership ended in March 2017. In February 2017, the clients e-mailed Sicay-Perrow to confirm that the payments would resume in March 2017, and he responded by e-mail, confirming that the monthly payments of $1,200 would resume. The clients received a check for $1,200 in March, but did not receive a check in April 2017 as promised. After several unsuccessful attempts to contact Sicay-Perrow, the clients learned that he was no longer practicing law and that his whereabouts were unknown. As

4

of September 8, 2020 (the date of the Notice of Discipline), the clients had received seven checks from Sicay-Perrow totaling $6,400, with the last disbursement remitted from the firm's business checking account and received in March 2017.

Although Sicay-Perrow provided the State Bar with three checks remitted to the clients from his IOLTA account, an investigation revealed that the funds disbursed to the clients from his IOLTA account belonged to different clients represented by his firm, such that he had also misappropriated those client funds when he made disbursements from his IOLTA account to the clients. An investigation of Sicay-Perrow's bank records also revealed that his IOLTA account did not have sufficient funds to repay the balance owed to the clients.

The State Bar found that the facts revealed by the Board's investigation demonstrated that Sicay-Perrow violated Rule 1.15 (I) (a) and (c)[1] when he made disbursements to the clients from his

---

[1] Rule 1.15 (I) (a) says in pertinent part that "[a] lawyer shall hold funds or other property of clients or third persons that are in a lawyer's possession

business checking account rather than his IOLTA account, when he began to delay monthly disbursements to the clients, and when the clients had to e-mail reminders to him in order to receive the monthly disbursements that they did receive. The State Bar further found that he violated Rule 1.15 (II) (a), (b)[2] when he remitted $1,200

in connection with a representation separate from the lawyer's own funds or other property. Funds shall be kept in one or more separate accounts maintained in an approved institution as defined by Rule 1.15 (III) (c) (1)." Rule 1.15 (I) (c) says:

> Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

[2] Rule 1.15 (II) (a) says:

> Every lawyer who practices law in Georgia, whether said lawyer practices as a sole practitioner, or as a member of a firm, association, or professional corporation, and who receives money or property on behalf of a client or in any other fiduciary capacity, shall maintain or have available one or more trust accounts as required by these Rules. All funds held by a lawyer for a client and all funds held by a lawyer in any other fiduciary capacity shall be deposited in and administered from a trust account.

Rule 1.15 (II) (b) says, in pertinent part:

> Records on such trust accounts shall be so kept and maintained as to reflect at all times the exact balance held for each client or third person. No funds shall be withdrawn from such trust accounts for the personal use of the lawyer maintaining the account except

6

disbursements to the clients from his business checking account rather than the IOLTA account, deposited the settlement funds into and disbursed them from his business checking account, kept more than his earned fee from the initial lump sum paid by the defendant, and failed to keep a sufficient balance in his IOLTA account in order to repay his clients the full amount owed. Finally, the State Bar found that he violated Rule 8.4 (a) (4)[3] when he (1) deposited the clients' settlement funds into his business checking account instead of his IOLTA account, (2) remitted payments to the clients from his IOLTA account knowing their funds had been deposited in his business checking account, (3) notified the clients that he would go into bankruptcy if their monthly disbursements were not delayed, despite knowing that his law firm was placed in receivership, and (4) notified the clients that they would receive monthly

earned lawyer's fees debited against the account of a specific client and recorded as such.

[3] Rule 8.4 (a) (4) says that "[i]t shall be a violation of the Georgia Rules of Professional Conduct for a lawyer to . . . engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

7

disbursements of $1,200 after March 15, 2017, but not following through on that promise.

The State Bar states that the Board determined that the appropriate sanction to be imposed was disbarment and in aggravation the Board had considered that (1) Sicay-Perrow had a prior disciplinary history that included the suspension of his law license in 2017; (2) his dishonest conduct, which not only demonstrated his dishonesty toward these clients, but also toward other clients who had their funds misappropriated from his IOLTA account; and (3) his 30 years of experience in practicing law. The Board found no mitigating factors to be present. Accordingly, the State Bar requests that this Court enter an order disbarring Sicay-Perrow from the practice of law in this State.

Having considered the record, we agree that disbarment is the appropriate sanction in this matter. See *In the Matter of Hunt*, 304 Ga. 635, 635-638, 644 (820 SE2d 716) (2018) (disbarring attorney with prior disciplinary history for violating Rules 1.15 (I), 1.15 (II), and 8.4 (a) (4), related to attorney's misuse of funds he was entrusted

with as part of his representation of a client and her two sons); *In the Matter of Harris*, 301 Ga. 378, 379-380 (801 SE2d 39) (2017) (disbarring attorney for violating Rules 1.15 (I) and 1.15 (II), where attorney misappropriated trust funds and commingled those funds with his own and offered no explanation for his conduct); *In the Matter of Rose*, 299 Ga. 665, 666 (791 SE2d 1) (2016) (disbarring attorney for violating Rules 1.15 (I), 1.15 (II), and 8.4 (a) (4), where attorney misused funds he was entrusted with as part of a real estate closing). Accordingly, it is hereby ordered that the name of David R. Sicay-Perrow be removed from the rolls of persons authorized to practice law in the State of Georgia. Sicay-Perrow is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*

DECIDED FEBRUARY 15, 2021.
Disbarment.
*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Wolanda R. Shelton, Assistant General Counsel State Bar*, for State Bar of Georgia.