314 Ga. 696
FINAL COPY

S22Y1106.  IN THE MATTER OF JOSEPH ARRINGTON II.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of special master Thomas E. Cauthorn III, recommending that the Court disbar respondent Joseph Arrington II (State Bar No. 023728), who was admitted to the Bar in 1996 and who remains suspended following his failure to respond to the State Bar's notice of investigation. See Case No. S18Y1381 (June 18, 2018). We agree with the special master's recommendation and hereby order that Arrington be disbarred.

The record reflects that the State Bar filed a notice of discipline seeking Arrington's disbarment and alleging that Arrington paid his 2017-2018 Bar dues with a check drawn on his trust account; that he made deposits to his trust account from his personal account and "his American Funds account"; that he made payments from his trust account that appeared to be related to personal expenses — to

"American Funds Balance," to "Prog Mountain" for an insurance premium, and to someone who appeared to be a family member; and that on multiple occasions, he made cash withdrawals from his trust account in amounts ranging from $25 to $350. The Bar alleged that by this conduct, Arrington violated Rules 1.15 (I) and 1.15 (II). More specifically, it appears from the facts alleged that the Bar asserted that Arrington violated Rules 1.15 (I) (a)[1] and 1.15 (II) (b)[2] of the Georgia Rules of Professional Conduct ("GRPC") found in Bar Rule

---

[1] Rule 1.15 (I) (a) provides, in pertinent part, that "[a] lawyer shall hold funds or other property of clients or third persons that are in a lawyer's possession in connection with a representation separate from the lawyer's own funds or other property."

[2] Rule 1.15 (II) (b) provides:

No personal funds shall ever be deposited in a lawyer's trust account, except that unearned attorney's fees may be so held until the same are earned. Sufficient personal funds of the lawyer may be kept in the trust account to cover maintenance fees such as service charges on the account. Records on such trust accounts shall be so kept and maintained as to reflect at all times the exact balance held for each client or third person. No funds shall be withdrawn from such trust accounts for the personal use of the lawyer maintaining the account except earned lawyer's fees debited against the account of a specific client and recorded as such.

2

4-102 (d). The maximum sanction for a violation of Rules 1.15 (I) and (II) (b) is disbarment.

The State Bar also filed a motion for default, which included proof of service showing the following: the State Bar sent the notice of discipline and an acknowledgment of service form by first class mail to the address Arrington listed with the State Bar's Membership Department, see Bar Rule 4-203.1 (a); personal service was attempted, but the State Bar's investigator, who is authorized to serve process, stated that he was unable to locate Arrington at the listed address. See Bar Rule 4-203.1 (b) (3) (i).[3] Arrington did not acknowledge service; thereafter, the State Bar perfected service by

---

[3] The return-of-service form used by the Bar in this matter provides two paragraphs for the investigator to indicate with a check mark, as applicable. The first paragraph is an entry of service with a blank provided to "describe manner and place of service." The second paragraph states: "II. Entry of Service Non Est Inventus. I have made a reasonable and diligent search and Respondent Joseph Arrington II is not to be found." Here, the investigator checked the second paragraph.

Rule 4-203.1 (b) (3) (i) provides, in pertinent part, that "[r]eceipt of a Return of Service Non Est Inventus shall constitute conclusive proof that service cannot be perfected by personal service." The Latin term, sometimes shortened to "non est" or abbreviated as "n.e.i.," means "he is not found," and is used to indicate that the person in question could not be found within the jurisdiction. See "Non est inventus," Black's Law Dictionary (11th ed. 2019).

publication under Bar Rule 4-203.1 (b) (3) (ii). In its motion, the State Bar stated that Arrington had not filed a notice of rejection, and the State Bar requested that this Court disbar Arrington. In May 2020, the Court issued an order rejecting the Bar's recommendation and stating that the sanction of disbarment was not appropriate given the limited record before it and the allegations contained in the notice of discipline. See Case No. S19Y0477 (May 4, 2020). In its May 2020 order, the Court also referred the matter to a special master for an evidentiary hearing "to determine with more clarity and specificity the nature and severity of Arrington's conduct." Id. Shortly after the special master was appointed, the Bar served requests for admission on Arrington, to which he did not respond. Arrington was provided notice by certified mail of the evidentiary hearing, and the State Bar attempted personal service as well. However, Arrington did not attend the hearing, and there is no indication in the record that he has made any attempt to communicate with the State Bar or the special master about this matter.

Following the evidentiary hearing, the special master issued his report and recommendation, which found, based upon the facts deemed admitted by Arrington's failure to respond to the requests for admission, that Arrington knowingly used funds in his trust account for his personal use and for purposes unrelated to a client; knowingly deposited personal checks into his trust account; knowingly commingled personal and client funds in his trust account; and knowingly failed to keep client funds separate from his own personal funds. We agree with the special master that by this conduct, Arrington violated Rules 1.15 (I) (a) and 1.15 (II) (b). The special master then considered the ABA Standards for Imposing Lawyer Sanctions (1992), see *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996), and the presence of mitigating and aggravating circumstances. We also agree with the special master that while Arrington's lack of a prior disciplinary record is a mitigating factor, see ABA Standard 9.32 (a), there are aggravating factors, including Arrington's substantial experience in the practice of law and his failure to participate at all in the disciplinary

proceedings, which may be deemed as an admission by failure to respond that he refuses to acknowledge the wrongful nature of his conduct, see ABA Standard 9.22 (g) and (i). The special master correctly noted that this Court views trust account violations as exceptionally serious, see, e.g., *In the Matter of Coulter*, 304 Ga. 81 (816 SE2d 1) (2018) (disbarring attorney for multiple violations of trust account rules involving very large sums of client funds for years); *In the Matter of Harris*, 301 Ga. 378 (801 SE2d 39) (2017) (disbarring attorney who misappropriated funds from trust account, mingled those funds with his own, and failed to respond to disciplinary authorities), and recommended disbarment.

Having reviewed the record, we agree that disbarment is the appropriate sanction for Arrington's violations of the rules governing trust accounts. Relatively minor violations of trust account rules may in certain circumstances warrant a lesser sanction than disbarment, see, e.g., *In the Matter of Mathis*, 312 Ga. 626 (864 SE2d 40) (2021) (accepting petition for voluntary discipline and imposing public reprimand for violations of Rules 1.15 (I) (a)

6

and 1.15 (II) (b) where no client was ultimately harmed and where there were several mitigating factors); *In the Matter of Cook*, 311 Ga. 206 (857 SE2d 212) (2021) (imposing public reprimand for acknowledged violations of trust account rules where attorney did not act dishonestly, intentionally, or maliciously; where attorney lacked a prior disciplinary history; and where no client was harmed); *In the Matter of Howard*, 292 Ga. 413 (738 SE2d 89) (2013) (accepting voluntary petition and imposing public reprimand where attorney admitted violations of trust account rules). Arrington's utter failure to participate in the disciplinary process, however, means that there is no basis for the Court to conclude that any sanction less than disbarment is appropriate. See, e.g., *Harris*, 301 Ga. at 379 (disbarment appropriate when attorney failed to file an answer and therefore was deemed to have admitted the allegations of the formal complaint).

Accordingly, it is hereby ordered that the name of Joseph Arrington II be removed from the rolls of persons authorized to

practice law in the State of Georgia. Arrington is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*

Decided September 20, 2022.

Disbarment.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, William V. Hearnburg, Jr., Assistant General Counsel State Bar*, for State Bar of Georgia.