NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: March 7, 2023

S23Y0451. IN THE MATTER OF DANA NICOLE JACKSON.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of Special Master Samuel Jeffrey Rusbridge who recommends that the Court disbar Dana Nicole Jackson (State Bar No. 781227), a member of the Bar since 2010, for her misconduct related to her representation of clients in a consumer debt collection matter. The State Bar filed a formal complaint in 2021, alleging that Jackson had violated Rules 1.4 and 1.15 (I) (c) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The State Bar's investigator attempted personal service at Jackson's address on file with the State Bar's Membership Department, but issued a return

of service non est inventus[1] because the address was located at a UPS store. The State Bar then properly served Jackson by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). Jackson failed to file a Notice of Rejection or otherwise respond to the formal complaint. The State Bar filed a motion for default, which the Special Master granted, concluding that by virtue of her failure to respond, Jackson had admitted the facts alleged and violations charged in the formal complaint. See Bar Rule 4-208.1 (b). The Special Master issued his report and recommendation after holding a hearing on aggravating and mitigating factors.

The Special Master found the following facts to be undisputed by virtue of Jackson's default. In April 2018, Jackson was hired by an attorney and her client, to collect a debt owed to the client in exchange for a 25% fee on all funds collected. On March 14, 2019, Jackson obtained a judgment for the client for $3,821 in principal

---

[1] "The Latin term, sometimes shortened to 'non est' or abbreviated as 'n.e.i.,' means 'he is not found,' and is used to indicate that the person in question could not be found within the jurisdiction." *In the Matter of Arrington*, 314 Ga. 696, 697 n.3 (8778 SE2d 534) (2022) (citing "Non est inventus," Black's Law Dictionary (11th ed. 2019)).

2

and $162 in court costs. Jackson collected at least $3,750 from the debtors but failed to send any of the money to the clients. She also refused to communicate with the clients about the case, though they sent several requests for status updates.

After concluding that Jackson was subject to this Court's disciplinary jurisdiction, the Special Master considered Jackson's conduct in relation to the Rules she allegedly violated. As to Rule 1.4, the Special Master determined that subsection (a) requires a lawyer to reasonably consult with the client about the means by which the client's objectives are to be accomplished; keep the client reasonably informed about the status of a matter; and promptly comply with reasonable requests for information, and that subsection (b) requires a lawyer to consult with the client to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. The Special Master concluded that Jackson violated Rules 1.4 (a) and (b) by completely failing to discuss the representation with her clients. The Special Master determined that Jackson violated Rule 1.15 (I) (c) (requiring

3

a lawyer, upon receiving client funds, to "promptly notify the client or third person" and deliver the funds that the client or third person is entitled to receive) by failing to notify the clients of her receipt of funds from the debtors and failing to deliver the funds to the clients. The maximum penalty for a violation of Rule 1.4 is a public reprimand, and the maximum penalty for a violation of Rule 1.15 (I) (c) is disbarment.

The Special Master observed that "the primary purpose of a disciplinary action is to protect the public from attorneys who are not qualified to practice law due to incompetence or unprofessional conduct," *In the Matter of Blitch*, 288 Ga. 690, 692 (706 SE2d 461) (2011), and that this Court is also concerned with the public's confidence in the profession. The Special Master then considered the ABA Standards for Imposing Lawyer Sanctions ("ABA Standards") for guidance in determining the appropriate sanction, see *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996), which require (1) identification of the ethical duty violated by the lawyer; (2) identification of the lawyer's mental state; (3) the potential or

actual injury caused; and (4) examination of aggravating and mitigating circumstances. The Special Master concluded that Jackson violated her duties to communicate with her clients and to preserve and keep her clients' property safe, see ABA Standard 4.0; and she acted knowingly and intentionally by refusing to communicate with her clients and by admitting by default that she stole her clients' money, see ABA Standard 3.0. The Special Master further concluded that ABA Standard 4.62 ("Suspension is generally appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to the client.") was applicable due to her complete failure to communicate with her clients, which showed deceit rather than mere negligence; and that ABA Standard 4.11 ("Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.") was applicable to her violation of Rule 1.15 (I) (c). Thus, the Special Master concluded that disbarment was the presumptive sanction under the ABA Standards, as Jackson knowingly converted her clients' property.

5

Next, the Special Master considered aggravating factors, concluding that Jackson had a dishonest or selfish motive, see ABA Standard 9.22 (b); that she refused to acknowledge the wrongful nature of her conduct, see ABA Standard 9.22 (g); and that she was indifferent to making restitution, see ABA Standard 9.22 (j). In contrast, the Special Master concluded that only one mitigating factor applied in that Jackson had no prior disciplinary record, see ABA Standard 9.32 (a).

The Special Master considered this Court's prior disciplinary decisions, noting that, in the absence of remorse and restitution, the Court normally disbars attorneys who misappropriate client funds without explanation. See *In the Matter of Harris*, 301 Ga. 378, 379-380 (801 SE2d 39) (2017) (disbarring attorney for violations of Rules 1.15 (I) and 1.15 (II) despite lack of prior disciplinary history when attorney was in default and offered no mitigating circumstances relating to his conduct); *In the Matter of Rose*, 299 Ga. 665, 666 (791 SE2d 1) (2016) (same); *In the Matter of Jones*, 296 Ga. 151, 151 (765 SE2d 360) (2014) (same). Because Jackson misappropriated client

6

funds, offered no restitution, expressed no remorse, and provided no explanation, the Special Master concluded that disbarment was an appropriate sanction for her violations of Rules 1.4 and 1.15 (I) (c). Therefore, he recommended that Jackson be disbarred for her violations of those Rules.

Neither Jackson nor the State Bar has filed exceptions to the Special Master's report and recommendation. Having reviewed the record, we agree that disbarment is the appropriate sanction in this matter, particularly in light of the fact that Jackson admitted to the Rules violations by virtue of her default and offered no mitigating explanation for her behavior. Accordingly, it is ordered that the name of Dana Nicole Jackson be removed from the rolls of persons authorized to practice law in the State of Georgia. Jackson is reminded of her duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*