**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: September 17, 2024

S24Y0996, S24Y0997.  IN THE MATTER OF CORY D. RAINES.

PER CURIAM.

These disciplinary matters are before the Court on the consolidated Report and Recommendation of Special Master Charles D. Jones, who recommends the disbarment of Cory D. Raines (State Bar No. 430458) for his conduct in several client matters. Raines has been a member of the State Bar since 2015. By virtue of Raines's default, the Special Master concluded that he violated Rules 1.15 (I)

(a),[1] 1.15 (I) (b),[2] 1.15 (I) (c),[3] and 1.15 (II) (b)[4] of the Georgia Rules of Professional Conduct ("GRPC") found in Bar Rule 4-102 (d). The maximum sanction for a single violation of any of these Rules is disbarment. Neither Raines nor the State Bar requested review by the Review Board, and neither party has filed exceptions in this Court. Thus, these matters are now ripe for this Court's consideration. Having reviewed the record, we agree with the Special Master that disbarment is the appropriate sanction.

The record shows that after the State Bar made several attempts to personally serve Raines with the formal complaints in

---

[1] Rule 1.15 (I) (a) provides, in pertinent part, that "[a] lawyer shall hold funds or other property of clients or third persons that are in a lawyer's possession in connection with a representation separate from the lawyer's own funds or other properties" and that "[c]omplete records of such account funds . . . shall be kept by the lawyer."

[2] Rule 1.15 (I) (b) provides, in pertinent part, that "a lawyer may not disregard a third person's interest in funds or other property in the lawyer's possession."

[3] Rule 1.15 (I) (c) provides, in pertinent part, that "[u]pon receiving funds or other property in which a client or third person has interest, a lawyer shall promptly notify the client or third person."

[4] Rule 1.15 (II) (b) provides, in pertinent part, that absent an exception not applicable here, "[n]o personal funds shall ever be deposited in a lawyer's trust account" and that "[n]o funds shall be withdrawn from such trust accounts for the personal use of the lawyer maintaining the account."

State Disciplinary Board Docket ("SDBD") No. 7694 and No. 7695, Raines was served by publication on July 5, 2023. Raines failed to file answers to the formal complaints, and on August 28, the State Bar filed a motion for default in these matters pursuant to Bar Rule 4-212 (a). Raines did not respond to this motion. However, on October 12, Raines electronically filed a pleading entitled "Acknowledgement of Service and Extension Request to Hire Counsel." The Special Master scheduled a telephone conference for October 16 to discuss the extension request and provided notice to Raines by email. Raines failed to attend the telephone conference and did not correspond with the State Bar or the Special Master concerning his unavailability. The Special Master subsequently denied the extension request and granted the State Bar's motion for default, such that the facts alleged and violations charged in the formal complaints were deemed admitted.

With regard to SDBD No. 7694,[5] the facts show that Raines represented two minor siblings in a personal injury matter and, upon settling their claims in June 2021, received settlement checks in the amount of $20,000 and $23,000, which he deposited in his IOLTA account. In the months following the settlement, the siblings' mother emailed and called Raines on numerous occasions to inquire about the settlement and disbursement of the funds. Raines only responded to some of the mother's contact attempts and failed to disburse the settlement funds, telling the mother that he was working on reducing or eliminating the hospital liens that had been filed for the siblings' treatment. However, Raines failed to take any action on paying the hospital liens. Additionally, Raines withdrew the siblings' funds for his personal use—allowing the balance in the account to drop as low as $1.37 when, after attorney fees, the account should have held $27,838.68—and failed to maintain complete records. In May 2022—eleven months after settling the

---

[5] SDBD No. 7694 corresponds to Case No. S24Y0997.

siblings' claims—Raines issued checks from his personal operating account to the siblings for $14,907.72 and $12,930.96; Raines did not disburse the funds to the siblings from his IOLTA account, nor did he satisfy the third-party interests in the settlement funds, as he failed to pay the hospital.

Based on these facts, the Special Master concluded that Raines violated Rule 1.15 (I) (a) by failing to appropriately safeguard the siblings' funds and to maintain complete records of the account funds; Rule 1.15 (I) (b) by disregarding the interests of third parties in the settlement funds; Rule 1.15 (I) (c) by failing to promptly deliver the funds owed to the siblings and the third parties with an interest in the settlement funds; and Rule 1.15 (II) (b) by converting the siblings' settlement funds from his trust account for personal use and failing to maintain complete records showing the balance held.

With regard to SDBD No. 7695,[6] the facts show that, in 2019, Raines represented two other clients in a related personal injury

---

[6] SDBD No. 7695 corresponds with Case No. S24Y0996.

matter and executed on their behalf two liens in favor of the medical clinic where they received treatment. However, upon settling their claims in September 2019, Raines failed to promptly disburse funds to the clinic to satisfy its third-party interests in the settlement funds and failed to respond to the clinic's requests for payment. Moreover, Raines did not disburse funds to the clinic until August 30, 2022, and September 7, 2022, and did so only after the clinic filed a grievance with the State Bar.

As part of his fact-findings under SDBD No. 7695, the Special Master also noted that Raines had represented a third client in a different personal injury action, separate from the actions at issue in SDBD Nos. 7696 and 7694. In that third action—as in the first two—Raines, after settling the claim, failed to promptly disburse funds to satisfy the medical clinic's third-party interest in the settlement funds. In addition, for all three personal injury settlements, the State Bar alleged that Raines failed to keep in his IOLTA account the amounts owed to the medical clinic, failed to

safeguard fiduciary funds in his IOLTA account, and deposited personal funds into his trust account.

Based on these facts, the Special Master concluded that Raines violated Rule 1.15 (I) (a) by failing to maintain and safeguard funds owed to the medical clinic from the clients' settlements; Rule 1.15 (I) (c) by failing to promptly deliver the funds owed to the clinic; and Rule 1.15 (II) (b) by depositing personal funds into his trust account.

Following a hearing on aggravating and mitigating circumstances—which Raines failed to attend and at which the siblings' mother testified to the significant financial harm her family suffered because of Raines's conduct—the Special Master issued his Report and Recommendation. In determining the appropriate level of discipline, the Special Master considered the ABA Standards for Imposing Lawyer Sanctions. See *In the Matter of Morse*, 266 Ga. 652 (470 SE2d 232) (1996) (ABA Standards are instructive in determining the appropriate level of discipline); ABA Standard 3.0 (requiring consideration of the duty violated; the lawyer's mental state; the potential or actual injury caused by the lawyer's

misconduct; and the existence of aggravating or mitigating factors). The Special Master found that Raines violated his duty to the siblings to safeguard their settlement funds and his duty to not disregard third-party interests in the settlement funds; Raines's actions were knowing rather than inadvertent or negligent; and that the siblings and their mother suffered significant harm. The Special Master also found that seven of the eleven aggravating factors set forth in ABA Standard 9.22 applied: dishonest or selfish motive; a pattern of misconduct; multiple offenses; bad faith obstruction of the disciplinary proceedings; refusal to acknowledge the wrongful nature of conduct; vulnerability of the victim; and substantial experience in the practice of law. See ABA Standard 9.22 (b), (c), (d), (e), (g), (h), and (i). Additionally, the Special Master found that the only applicable mitigating factor was that Raines had no prior discipline, see ABA Standard 9.32 (a), but noted that the absence of a prior disciplinary record was far outweighed by the multitude of aggravating factors.

Based on these findings, the Special Master recommended that Raines be disbarred, recognizing that such a sanction was supported by ABA Standards 4.11 (disbarment generally appropriate when a lawyer knowingly converts client property and causes injury to a client) and 7.1 (disbarment generally appropriate when a lawyer knowingly engages in conduct that violates a duty owed with the intent to obtain a benefit and causes serious injury to a client, the public, or the legal system), and that this Court has imposed disbarment as discipline for attorneys who engaged in similar conduct, see *In the Matter of Arrington*, 314 Ga. 696 (878 SE2d 534) (2022) (disbarring attorney for violating Rules l.15 (I) (a) and 1.15 (II) (b)); *In the Matter of Sicay-Perrow*, 310 Ga. 855 (854 SE2d 728) (2021) (disbarring attorney for violating Rules 1.15 (I) (a) and (c), 1.15 (II) (a) and (b), and 8.4 (a) (4)); *In the Matter of Rose*, 299 Ga. 665 (791 SE2d 1) (2016) (disbarring attorney for violating Rules 1.15 (I), 1.15 (II), and 8.4 (a) (4)).

Upon reviewing the record, we agree with the Special Master that disbarment is the appropriate sanction for Raines's intentional

violation of Rules 1.15 (I) (a), 1.15 (I) (b), 1.15 (I) (c), and 1.15 (II) (b), and that this sanction is consistent with prior cases disbarring lawyers for similar conduct. See *In the Matter of McDonald*, 319 Ga. 197, 214 (__ SE2d __) (2024) (disbarring attorney who "blatantly violated Rules 1.15 (I) and (II) in her handling of the money that was entrusted to her," noting that these violations "would support disbarment on its own"); *In the Matter of Berry*, 310 Ga. 158 (848 SE2d 71) (2020) (disbarring attorney—who was in default and failed to offer mitigating factors—for violating Rules 1.15 (I) and 1.15 (II), among others, by failing to inform his client that he had settled the personal injury claim, failing to pay the client's medical provider, failing to maintain records related to the settlement funds received, and misappropriating the settlement funds); *In the Matter of Harris*, 301 Ga. 378 (801 SE2d 39) (2017) (disbarring attorney—who had no prior discipline, was in default and failed to offer mitigating factors—for violating Rules 1.15 (I) and 1.15 (II) by misappropriating client funds and comingling those funds with his own). Accordingly, it is ordered that the name of Cory D. Raines be

removed from the rolls of persons authorized to practice law in the State of Georgia. Raines is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*