**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the

# Supreme Court of Georgia

No. S26Y0954

IN THE MATTER OF BRANDON ANDREW CLINE

Decided: May 19, 2026

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of Special Master Thomas E. Cauthorn III, which recommends that we accept the petition for voluntary surrender of license filed by Brandon Andrew Cline (State Bar No. 170418). Cline, who has been a member of the Bar since 2003, acknowledged in his petition that, by his conduct in misusing his trust account,[1] he violated Rules 1.15(I)(a) and 1.15(II)(b) of the Georgia Rules of Professional Conduct, which govern the maintenance, holding, and disbursement of personal funds or funds belonging to clients or third persons in a lawyer's possession. See Bar Rule 4-102(d). The maximum sanction for a violation of each of these Rules is disbarment.

Cline further acknowledged that, by his conduct in

---

[1] The misconduct to which Cline admits consists of his having obtained several loans in 2021 and 2022, depositing those funds into his trust account, using those funds for personal and business expenses, transferring money from his business account to cover loan payments, and authorizing automatic debits to his creditors from his trust account, which resulted in numerous overdrafts.

abandoning and failing to communicate with a client,[2] he violated Rules 1.2(a), 1.3, 1.4(a), and 1.4(b), which govern a lawyer's duties with respect to his or her representation of and communications with a client. The maximum sanction for a violation of Rules 1.2(a) and 1.3 is disbarment, and the maximum sanction for a violation of Rule 1.4 is a public reprimand.

Based on those admissions, Cline requested that the Court accept his petition to voluntarily surrender his license to practice law, which is tantamount to disbarment. See Bar Rule 1.0(u). The Bar responded, recommending that the special master and the Court accept Cline's petition, and the special master, as noted, recommends that Cline's petition be accepted.

We have reviewed the record and agree that acceptance of Cline's petition for voluntary surrender of his license is in the best interests of the Bar and the public and is consistent with prior similar cases. See *In the Matter of Stuhler*, 291 Ga. 660 (2012) (accepting the voluntary surrender of license from an attorney who violated Rules 1.15(I)(a) and (b) and 1.15(II)(b) by commingling and misusing trust account funds). See also *In the Matter of Arrington*, 314 Ga. 696 (2022) (concluding that an attorney who violated Rules 1.15(I)(a) and 1.15(II)(b) by commingling and misusing trust account funds should be disbarred); *In the Matter of Jackson*, 321 Ga. 256 (2025) (concluding that an attorney who abandoned a single client; violated Rules 1.2(a), 1.3, and 1.4(a); and, though he had no prior

---

[2] The misconduct to which Cline admits regarding this matter is that, after taking on a client who sought to contest a traffic citation, Cline failed to attend a hearing, resulting in the issuance of an arrest warrant against the client, and, when notified about the warrant, Cline made a couple of unsuccessful attempts to contact the court and then abandoned and failed to communicate with the client.

disciplinary history, had multiple offenses related to the client, substantial experience in the practice of law, and a vulnerable client, should be disbarred).

Accordingly, we accept Cline's petition for voluntary surrender of his license and order that the name of Brandon Andrew Cline is hereby removed from the rolls of persons entitled to practice law in the State of Georgia. Cline is reminded of his duties under Bar Rule 4-219(b).

*Voluntary surrender of license accepted. All the Justices concur.*