## S10Y1716. IN THE MATTER OF LEIGHTON REID BERRY, JR.
(701 SE2d 187)

PER CURIAM.

This disciplinary matter is before the Court pursuant to a Notice of Discipline filed by the State Bar alleging that respondent Leighton Reid Berry, Jr. (State Bar No. 055545), who has been a member of the Bar since 1994, violated Rules 1.16 and 9.3 of the Rules of Professional Conduct, see Bar Rule 4-102 (d). The maximum sanction for a single violation of either rule is a public reprimand. Berry acknowledged service of the Notice of Discipline but did not file a rejection. Accordingly, he is in default, has no right to an evidentiary hearing, and is subject to such discipline as may be determined by this Court. See Bar Rule 4-208.1 (b).

Berry represented a client from March 2004 through March 2005, when the client entered a plea in his criminal case. Despite the client's requests, Berry failed to provide him a copy of his file until after a Notice of Investigation was served on him and this grievance was forwarded to the State Disciplinary Board Investigative Panel. Berry's response to the Notice of Investigation was not sworn as required by Bar Rule 4-204.3 (a). The Investigative Panel recommended that we impose a Review Panel Reprimand.

We find that Berry violated Rules 1.16 and 9.3, and we see no factors in mitigation of discipline. In aggravation, Berry has a prior disciplinary history, having received an Investigative Panel reprimand in 2001, and he failed to cooperate with the Investigative Panel during these disciplinary proceedings. Because Berry appears not to understand the seriousness of the disciplinary process, we hold that a public reprimand is the appropriate sanction for his misconduct. Accordingly, we hereby order that Berry receive a public reprimand pursuant to Bar Rules 4-102 (b) (4) and 4-220.

*Public reprimand. All the Justices concur.*