FINAL COPY
294 Ga. 725

S14Y0653. IN THE MATTER OF SHARLA MONIQUE GORMAN.

PER CURIAM.

This disciplinary proceeding is before the Court on the Report of the Special Master, Linnie L. Darden III, who recommends that Respondent Sharla Monique Gorman (State Bar No. 149925) be disbarred for her violations of Rules 1.3, 1.4, 1.15 (I) (b), 1.15 (II) (b), 8.4 (a) (4) and 9.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The State Bar served Gorman with a Formal Complaint, but she did not respond; accordingly, an order of default was entered against her and the facts alleged and violations charged are deemed admitted, see Bar Rule 4-212 (a).

As deemed admitted, the facts show that Gorman represented a client and her daughter in an automobile accident case. The case settled, and Gorman received two checks totaling $5,000 from the insurance company in March 2012. Gorman sent her client release forms and the checks with instructions to deposit the checks into an account number, which was Gorman's personal or business account, but not her attorney trust account. Gorman was supposed to pay the medical providers out of those funds, but she did not do so, nor did she pay her

client the client's share of the settlement funds. The client attempted unsuccessfully to contact Gorman, but Gorman never responded, and the medical providers began contacting the client for payment, so she filed a grievance against Gorman with the State Bar. Gorman acknowledged service of the notice of investigation but did not file a timely response. In her untimely response Gorman stated that she failed to make a proper accounting of the funds, which actions were inexcusable, and she offered to repay her client on a monthly basis. Gorman did not make those payments, however, or account to her client for the funds. Gorman's bank records show that she commingled the funds with her personal funds and used them to pay personal expenses or bills. In January 2013 the client filed suit against Gorman in magistrate court demanding payment of her settlement funds. By consent order, Gorman agreed to pay $6,850 in monthly installments beginning in May 2013. As of the date of the Formal Complaint Gorman had made three payments, but was late in doing so and thus did not comply with the terms of the consent order.

The special master concluded that Gorman violated Rule 1.3 by not properly disbursing the settlement funds, Rule 1.4 by not responding to her client's attempts to contact her, Rule 1.15 (I) (b) by not promptly delivering the

funds to her client or the medical providers, Rule 1.15 (II) (b) by withdrawing the settlement funds for her personal use, Rule 8.4 (a) (4) by stealing the funds intended for her client and the medical providers, and Rule 9.3 by not timely responding to the notice of investigation. He found no mitigating factors, and in aggravation of discipline, noted Gorman's selfish or dishonest motive, multiple offenses and indifference to making restitution.

We have reviewed the record and considered the aggravating factors, and we agree with the special master that because Gorman knowingly converted client property and caused injury or potential injury to her client, disbarment is the appropriate punishment in this matter. Accordingly, the name of Sharla Monique Gorman hereby is removed from the rolls of attorneys authorized to practice law in the State of Georgia. She is reminded of her duties under Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

Decided March 3, 2014.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar, for State Bar of Georgia.