297 Ga. 44
FINAL COPY

S15Y0057, S15Y0058, S15Y0059, S15Y0060.
IN THE MATTER OF TRACEY DAWN GIBSON (four cases).

PER CURIAM.

These disciplinary matters are before the Court on four Notices of Discipline, seeking the disbarment of Tracey Dawn Gibson (State Bar No. 297339). The State Bar attempted personal service at the address listed with the State Bar, but with respect to each Notice of Discipline, the sheriff filed a return of service non est inventus. The State Bar then properly served Gibson by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). Gibson failed to file any Notice of Rejection. Therefore, she is in default, has waived her rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

Gibson was admitted to the Bar in 1998. This Court entered an order of interim suspension on October 7, 2013, for failure to respond to the Bar's Notice of Investigation in State Disciplinary Board Docket ("SBD") No. 6622, see In the Matter of Gibson, S14Y0076; that suspension was lifted on January 2, 2014,

after Gibson filed an adequate response. However, another suspension was entered on February 3, 2014, see In the Matter of Gibson, S14Y0677, for Gibson's failure to respond to the Bar's Notice of Investigation in connection with a grievance unrelated to the currently pending matters. Additionally, Gibson is currently under administrative suspension for failure to pay dues.

The facts, as deemed admitted by virtue of Gibson's default, show that, with regard to SBD No. 6622 (S15Y0058), the Bar was notified in January 2014 by Wells Fargo that there had been an overdraft in Gibson's IOLTA account in December 2013. Although Gibson informed the Bar that the overdraft was the result of an error caused when her husband was handling firm and family finances while she was on maternity leave, she failed to provide all the relevant trust account records, and the records she did provide revealed numerous instances of payments of personal expenses from the trust account and also showed that she did not correct the overdraft. With regard to SBD No. 6623 (S15Y0059), the facts show that although this Court entered an order of suspension on February 3, 2014, Gibson represented a client on February 11, 2014, in a probation revocation hearing and failed to disclose to the court that she was not currently licensed to practice law. With regard to SBD No. 6624

(S15Y0057), the facts show that in October 2013, a client retained Gibson to file a divorce action and paid Gibson $1,457. Gibson did no work on the case, failed to respond to the client's multiple e-mails and telephone calls, and failed to respond to the client's letter discharging her and requesting a return of the fee. With regard to SBD No. 6625 (S15Y0065), the facts show that in 2012 Gibson agreed to represent a client in a criminal proceeding in exchange for the client performing work for Gibson, which work the client completed. After filing a notice of appearance and representing the client at an arraignment hearing, Gibson failed to respond to the client's multiple inquiries about the status of the case and failed to attend a court hearing in the matter in January 2014, at which point the trial court entered an order relieving Gibson of representing the client. Additionally, Gibson failed to timely and adequately respond to the Notices of Investigation in these matters.

Based on these facts, the Investigative Panel found probable cause to believe, and we agree, that Gibson violated Rules 1.3, 1.4, 1.15 (I), 1.15 (II), 1.15 (III), 1.16, 3.2, 5.5, and 9.3, of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.3, 1.15 (I), 1.15 (II), 1.15 (III), and 5.5 is disbarment, and the maximum

sanction for a violation of Rules 1.4, 1.16, 3.2, and 9.3 is a public reprimand. In aggravation of discipline, the Investigative Panel noted Gibson's prior disciplinary record and found that Gibson's responses to the Investigative Panel regarding her failure to timely and adequately respond lacked credibility and that there were four separate disciplinary matters.

Having reviewed the records, we conclude that disbarment is the appropriate sanction in these matters. Accordingly, it is hereby ordered that the name of Tracey Dawn Gibson be removed from the rolls of persons authorized to practice law in the State of Georgia. Gibson is reminded of her duties pursuant to Bar Rule 4-219 (c).

<u>Disbarred. All the Justices concur</u>.


Decided April 20, 2015.

Disbarment.

<u>Paula J. Frederick, General Counsel State Bar, William J. Cobb, Assistant General Counsel State Bar</u>, for State Bar of Georgia.