302 Ga. 367
FINAL COPY

S17Y1831. IN THE MATTER OF JAMES EDWARD RAMBEAU, JR.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline seeking the disbarment of Respondent James Edward Rambeau, Jr. (State Bar No. 592845) based on three underlying grievances. After Rambeau failed to acknowledge service of the Notice of Discipline mailed to the post office address on file with the State Bar's membership department, the Bar served him by publication, see Bar Rule 4-203.1 (b) (3) (ii). However, Rambeau failed to file a Notice of Rejection. Therefore, he is in default, has waived his rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b). Rambeau, who was admitted to the State Bar in 1995, is currently under an interim suspension for his failure to respond to the State Bar's investigation with regard to one of the grievances addressed in this matter, and he has since failed to pay his Bar dues such that he is not currently in good standing with the State Bar. We agree that

disbarment is appropriate.

The facts, as deemed admitted by virtue of Rambeau's default, show with regard to State Disciplinary Board ("SDB") Docket No. 7020 that, in April 2015, a client hired Rambeau to represent her in a civil suit filed in Fayette County Superior Court. Rambeau entered an appearance on the client's behalf but thereafter failed to take any action or appear at any hearing in the case. The client attempted to contact him about his efforts and the status of her case, but Rambeau never responded and the client was forced to take action on her own to protect her interests. Rambeau never sought permission to withdraw from the representation and effectively abandoned the client's case. The client filed a grievance with the State Bar and, although properly served with the Notice of Investigation based on that grievance, Rambeau failed to timely respond.

With regard to SDB Docket No. 7021, the record shows that, in April 2015, a client hired Rambeau to represent her in an employment discrimination case. Although Rambeau filed suit on the client's behalf against her employer, he never served the employer with the summons and complaint and therefore the magistrate judge issued a report recommending that the action be dismissed. After prodding from the client, who learned of the recommendation on her own,

2

Rambeau filed an objection to the report and was granted additional time in which to serve the client's employer. Despite the fact that the client had furnished Rambeau with the funds to pay for the expenses of service, Rambeau failed to serve the employer, and the case was dismissed in September 2016. Rambeau never told the client about the dismissal order, nor did he refund the money she gave him for service expenses or otherwise account to her for those funds. The client filed a grievance and once again, although properly served with the resulting Notice of Investigation, Rambeau failed to timely respond thereto.

With regard to SDB Docket No. 7022, the record shows that Rambeau maintained an IOLTA account at BB&T Bank. In 2016, the Bank twice notified the Bar that checks written by Rambeau were not paid because his account had insufficient funds to pay the checks. Thereafter, Rambeau failed to respond to the Bar's Trust Account Overdraft Coordinator's request for an explanation, leading the Investigative Panel to initiate a grievance, to which Rambeau failed to respond. Thereafter, Rambeau was properly served with the Notice of Investigation based on the grievance, but he did not properly respond thereto.

Based on those facts, the Investigative Panel found, in connection with

3

SDB Docket No. 7020, that Rambeau violated Rules 1.2 (a), 1.3, 1.4 (a) (4), 1.16 (c), and 9.3 of the Georgia Rules of Professional Conduct. See Bar Rule 4-102 (d). In connection with SDB Docket No. 7021, the Investigative Panel found violations of Rules 1.2 (a), 1.3, 1.4 (a) (4), 1.15 (I) (c), 1.16 (d), and 9.3 of the Georgia Rules of Professional Conduct. Finally, in connection with SDB Docket No. 7022, the Investigative Panel found violations of Rules 1.15 (I) (a), 1.15 (I) (c), 1.15 (II) (a) and (b), and 9.3 of the Georgia Rules of Professional Conduct. The maximum sanction for a single violation of Rules 1.2, 1.3, 1.15 (I), and 1.15 (II) (a) and (b) is disbarment, while the maximum sanction for a violation of Rules 1.4, 1.16, and 9.3 is a public reprimand.

Based on our review of the record, we agree with the State Bar that disbarment is the appropriate sanction in this matter. Accordingly, the name of James Edward Rambeau, Jr., is hereby removed from the rolls of attorneys authorized to practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

Decided October 16, 2017.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Jonathan W. Hewett, Assistant General Counsel State Bar, for State Bar of Georgia.