310 Ga. 158
FINAL COPY

S20Y0607. IN THE MATTER OF LEIGHTON REID BERRY, JR.

Per curiam.

This disciplinary matter is before the Court on a notice of discipline, in which the State Bar seeks the disbarment of Leighton Reid Berry, Jr. (State Bar No. 055545). The State Bar attempted to serve Berry personally and by mail at the address that he registered with the State Bar, but those attempts were unsuccessful. The State Bar then properly served Berry by publication under Bar Rule 4-203.1 (b) (3) (ii). Berry filed no notice of rejection, and he is now in default. See Bar Rule 4-208.1 (b).

By virtue of his default, Berry is deemed to have admitted the following facts. He was hired by a client to represent her in a personal injury case, but he failed to ensure that the client executed a written agreement prescribing the terms of his engagement, and he failed to explain the basis for fees and expenses that he would charge the client for the representation. Both Berry and his client

signed a lien agreement with a physical therapy provider, however, in which Berry promised to make payment to the provider on behalf of his client when the client's personal injury claim was resolved. But when Berry settled the personal injury claim for his client, he failed to inform the client of the settlement, he failed to make payment for his client to the physical therapy provider, and he failed to inform the client that he had not paid the provider. Eventually, the provider notified the client that amounts remained outstanding, and Berry then failed to respond to inquiries from his client and the provider. The client ultimately paid the provider herself. Berry failed to maintain records related to the funds that he received for the benefit of his client in connection with the settlement of her personal injury claim, and he misappropriated the funds that he was supposed to remit to the physical therapy provider on her behalf.

Based on these facts, the State Bar asserts that Berry violated Rules 1.2 (a), 1.3, 1.4 (a), 1.5 (b), 1.5 (c) (2), 1.15 (I) (a), 1.15 (I) (b), and 8.4 (a) (4) of the Georgia Rules of Professional Conduct. The maximum sanction for violations of Rules 1.2, 1.3, 1.15 (I), and 8.4

(a) (4) is disbarment. The State Bar notes no factors in mitigation of the appropriate level of discipline. In aggravation, the State Bar notes Berry's history of prior discipline,[1] his dishonest and selfish motive, and his substantial experience in the practice of law.

Having considered the record, we agree that disbarment is the appropriate sanction in this matter. See *In the Matter of Gorman*, 294 Ga. 726 (755 SE2d 746) (2014) (disbarring attorney who violated Rules 1.3, 1.4, 1.15 (I) (b), 1.15 (II) (b), 8.4 (a) (4), and 9.3, where attorney received settlement checks related to client's personal injury case, deposited the checks into her personal account, and did not pay her client the client's share of settlement funds). Accordingly, it is hereby ordered that the name of Leighton Reid Berry, Jr., be removed from the rolls of persons authorized to

---

[1] The Bar recounts that Berry received an Investigative Panel reprimand in 2001, formal letters of admonition in 2010 and 2016, and a public reprimand in 2010. See *In the Matter of Berry,* 288 Ga. 59 (701 SE2d 187) (2010). See also Bar Rule 4-208 ("In the event of a subsequent disciplinary proceeding, the confidentiality of the imposition of confidential discipline shall be waived and the Office of the General Counsel may use such information as aggravation of discipline.").

practice law in the State of Georgia. Berry is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*

Decided September 8, 2020 — Reconsideration denied October 19, 2020.

Disbarment.
*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar*, for State Bar of Georgia.

4