311 Ga. 65
FINAL COPY

S21Y0357.  IN THE MATTER OF GEORGE MICHAEL
PLUMIDES.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline recommending the disbarment of George Michael Plumides (State Bar No. 582274).  The Notice of Discipline alleges serious misconduct related to five different disciplinary matters. Plumides was personally served but failed to timely file a Notice of Rejection.  Therefore, he is in default, has waived his right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court.  See Bar Rule 4-208.1 (b).

Plumides was admitted to the Bar in 1990 and has twice received confidential disciplinary sanctions.[1]  The record reflects

---

[1] Plumides received a Formal Letter of Admonition in 2002, see Bar Rule 4-102 (b) (6), and a Confidential Reprimand in August 2019, see Bar Rule 4-102 (b) (5).  See also Bar Rule 4-208 ("In the event of a subsequent disciplinary

that Plumides engaged in a pattern of abandoning clients in civil and criminal matters and supports the conclusion that he committed numerous violations of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d), for which disbarment is the most severe sanction.[2] Specifically, the facts, as deemed admitted by Plumides's default, show that the following misconduct occurred over the past several years. Plumides settled personal injury suits for two clients but failed to appropriately account for the settlement proceeds and failed to disburse the proceeds to one client; failed to maintain client funds in an IOLTA bank account; failed to appear at calendar calls for two clients in criminal matters and then failed to appear on a contempt notice in one of those matters, resulting in his arrest and jailing for five weeks; failed to appear at a calendar call in a traffic court matter, which led to the suspension of the client's license and

---

proceeding, the confidentiality of the imposition of confidential discipline shall be waived and the Office of the General Counsel may use such information as aggravation of discipline.").

[2] Given the breadth of Plumides's misconduct, we deem it unnecessary to detail all of the many violations the Bar has alleged.

2

registration; attempted to pay filing fees for a client in a civil matter with a check drawn on an account with insufficient funds; failed to respond to his clients' requests for information about their cases; failed to timely respond to grievances filed with respect to all five disciplinary matters; and failed to respond to the Notices of Investigation filed in four of the matters. The one response to a Notice of Investigation that Plumides did file was untimely and non-responsive to the allegations against him. We agree with the State Disciplinary Board that by this conduct Plumides violated Rules 1.1, 1.2 (a), 1.3, 1.15 (I)-(III), 8.4 (a) (4), and 9.3. The maximum sanction for a violation of Rule 1.1, 1.2 (a), 1.3, 1.15 (I)-(III), or 8.4 (a) (4) is disbarment, and the maximum sanction for a violation of Rule 9.3 is a public reprimand.

In aggravation of discipline, the Board properly looked to the ABA Standards for Imposing Lawyer Sanctions, see *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996), and found that numerous aggravating factors applied, but that no mitigating factors were applicable. We agree that the following aggravating

3

factors apply here: prior disciplinary offenses, conduct displays dishonest and selfish motives, a pattern of misconduct, multiple offenses, refusal to acknowledge wrongfulness of conduct, vulnerability of victim, substantial experience in the practice of law, and indifference to making restitution. See ABA Standard 9.22 (a), (b), (c), (d), (g), (h), (i), and (j).

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter and is consistent with prior cases disbarring lawyers who have engaged in a pattern of abandoning clients and misusing client funds, and who have failed to respond in disciplinary proceedings. See, e.g., *In the Matter of Rambeau*, 302 Ga. 367 (806 SE2d 572) (2017); *In the Matter of Gibson*, 297 Ga. 44 (771 SE2d 899) (2015). Accordingly, it is hereby ordered that the name of George Michael Plumides be removed from the rolls of persons authorized to practice law in the State of Georgia. Plumides is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*

4

Decided May 1, 2021.

Disbarment.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, James S. Lewis, Assistant General Counsel State Bar,* for State Bar of Georgia.