311 Ga. 204
FINAL COPY

S20Y0947, S20Y0948. IN THE MATTER OF JOSEPH
HAROLD TURNER, JR. (two cases).

PER CURIAM.

These disciplinary matters are before this Court on two notices of discipline, both of which seek the disbarment of Joseph Harold Turner, Jr. (State Bar No. 719482), who has been a member of the Bar since 1997. The State Bar attempted to serve Turner by mail at the address listed with the Bar, and subsequently at the same address personally, but the sheriff filed a return of service non est inventus. The State Bar then properly served Turner by publication, pursuant to Bar Rule 4-203.1 (b) (3) (ii). Turner failed to file a notice of rejection. Therefore, he is in default, has waived his right to an evidentiary hearing, and is subject to such discipline as may be determined by this Court. See Bar Rule 4-208.1 (b).

In Case No. S20Y0947, as deemed admitted, the facts show that Turner was hired by a client in a civil matter, he subsequently

settled the claim, and the client executed a release. A check for the settlement funds was issued and deposited by Turner. However, Turner did not disburse the funds to the client or respond to her subsequent requests for information or to those from the Bar's Office of the General Counsel. Based on this conduct, the Bar concluded that Turner violated the following Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d): Rule 1.3, when he failed to act with reasonable diligence and promptness in disbursing the client's settlement funds; Rule 1.4 (a), when he failed to respond to the client's inquiries about her settlement funds and his failure to disburse the funds; Rule 1.15 (I) (c), when he failed to promptly deliver the client's settlement funds; Rule 8.4 (a) (4), when he wrongfully retained the settlement funds; and Rule 9.3, when he failed to respond to the Office of the General Counsel and the State Disciplinary Board. The maximum sanction for a violation of Rules 1.3, 1.15 (I) (c), and 8.4 (a) (4) is disbarment; the maximum sanction for a violation of Rules 1.4 and 9.3 is a public reprimand. Although the Bar notes that Turner has no prior disciplinary history, it cites

no other factors in mitigation of discipline, and it notes in aggravation of discipline that Turner had a dishonest or selfish motive and has considerable experience in the practice of law.

In Case No. S20Y0948, as deemed admitted, the facts show that the State Bar received notice from Wells Fargo Bank regarding a withdrawal that caused Turner's attorney trust account to overdraw. Turner failed to respond to inquiries concerning the overdraft from the Bar's Overdraft Notification Coordinator or to the Bar's notice of investigation. Based on this conduct, the Bar concluded that Turner violated Rule 1.15 (I) (a), when he failed to maintain complete records for his trust account; Rule 1.15 (II) (b), when he withdrew funds from his trust account for his personal use, failed to maintain sufficient funds in his trust account to cover maintenance fees, and failed to keep records to reflect at all times the exact balance held for each client or third person; Rule 1.15 (III) (b) (1), when he failed to properly designate his trust account; Rule 1.15 (III) (e), when he failed to respond to the Notice of Investigation and failed to produce information and records at the request of the

3

State Disciplinary Board; and Rule 9.3, when he failed to respond to the Overdraft Notification Coordinator and the State Disciplinary Board. The maximum sanction for a violation of Rules 1.15 (I) (a), 1.15 (II) (b), 1.15 (III) (b) (1), and 1.15 (III) (e) is disbarment; the maximum sanction for a violation of Rule 9.3 is a public reprimand. The Bar notes the same factors in aggravation as it did in Case No. S20Y0947.

Having considered the record, we agree that disbarment is the appropriate sanction in this matter. See *In the Matter of Berry*, 310 Ga. 158, 159 (848 SE2d 71) (2020) (disbarring an attorney who violated Rules 1.2 (a), 1.3, 1.4 (a), 1.5 (b), 1.5 (c) (2), 1.15 (I) (a), 1.15 (I) (b), and 8.4 (a) (4), where the attorney failed to maintain records related to funds that he received for the benefit of his client in connection with the settlement of her personal injury claim and misappropriated the funds that he was supposed to remit to a provider on her behalf); *In the Matter of Rambeau*, 302 Ga. 367, 369 (806 SE2d 572) (2017) (disbarring attorney who violated Rules 1.2 (a), 1.3, 1.4 (a) (4), 1.15 (I) (a), (c), 1.15 (II) (a), (b), 1.16 (c), and 9.3,

where the bank at which the attorney maintained his trust account twice notified the Bar that checks written by the attorney were not paid because his account had insufficient funds to pay the checks and the attorney failed to respond to the Bar's Overdraft Coordinator's request for an explanation, the Investigative Panel's notice of grievance, or the Bar's notice of investigation); *In the Matter of Gorman*, 294 Ga. 726, 727 (755 SE2d 746) (2014) (disbarring an attorney who violated Rules 1.3, 1.4, 1.15 (I) (b), 1.15 (II) (b), 8.4 (a) (4), and 9.3, where the attorney received settlement checks related to her client's personal injury case, deposited the checks into her personal account, and did not pay her client the client's share of settlement funds). Accordingly, it is hereby ordered that the name of Joseph Harold Turner, Jr., be removed from the rolls of persons authorized to practice law in the State of Georgia. Turner is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*

Decided April 5, 2021.

Disbarment.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar*, for State Bar of Georgia.