313 Ga. 117
FINAL COPY

S22Y0395, S22Y0396.  IN THE MATTER OF WAYMON SIMS
(two cases).

PER CURIAM.

These disciplinary matters are before the Court on the report of special master Catherine H. Hicks, who recommends that this Court accept the petitions for voluntary surrender of license filed by respondent Waymon Sims (State Bar No. 648825) after the filing of a formal complaint.  See Bar Rule 4-227 (c).  In his petitions, filed in State Disciplinary Board Docket ("SDBD") Nos. 7294 and 7316, Sims requested that he be allowed to voluntarily surrender his license for his admitted violations of Rules 1.5 (c) (1), 1.15 (I) (a), 1.15 (II) (a), 1.15 (II) (b), 1.15 (II) (c) (1) (i), 1.15 (III) (a), and 1.15 (III) (b) (2) of the Georgia Rules of Professional Conduct.  See Bar Rule 4-102 (d).  While the maximum penalty for a violation of Rule 1.5 (c) (1) is a public reprimand, the maximum penalty for a violation of the remainder of the rules is disbarment.

The State Bar responded to both petitions and recommends that they be accepted. The special master then issued a single report, recommending the Court accept the petitions. With regard to SDBD No. 7294, the special master made the following findings of fact. Sims, who has been a member of the State Bar since 1979, was retained to represent a client in a claim for injuries she sustained in an automobile accident. However, Sims's retainer agreement with the client failed to state clearly that litigation and other expenses would be deducted after the contingency fee was calculated. After Sims settled the client's case, he deposited the funds into an account ending in 1392. It was discovered that Sims commingled and maintained personal and client funds in account 1392 and that he used account 1392 in multiple ways, including as a business account.

With regard to SDBD No. 7316, the special master found that Sims commingled and maintained personal and client funds in his Interest on Lawyers Trust Account ("IOLTA") ending in 4777, his trust account ending in 1392, his IOLTA ending in 1384, his trust

2

account ending in 6273, and his trust account ending in 2366. In addition, Sims held client funds in accounts ending in 1392 and 6273; neither account properly constituted a trust account because the interest from those accounts did not go to the client or the Georgia Bar Foundation; and Sims disbursed funds to clients from account 1392. Moreover, Sims deposited personal funds into a trust account, failed to deposit client funds into and administer client funds from a properly constituted trust account, and withdrew funds to pay for personal and business obligations from a trust account. Specifically, from July 2016 to December 2018, Sims deposited client funds into account 1392, which was not properly established as a trust account; in the same period of time, he held funds in accounts ending in 1392 and 4777; and he paid contractors and other expenses from accounts ending in 1392 and 4777. Sims also maintained personal funds in and used funds from accounts 1392 and 6273 to pay personal and business expenses, and while account 1392 was designated as a trust account, it was used for multiple purposes.

The special master agreed with Sims that his conduct constituted a violation of Rules 1.5 (c) (1), 1.15 (I) (a), 1.15 (II) (a), 1.15 (II) (b), 1.15 (II) (c) (1) (i), 1.15 (III) (a), and 1.15 (III) (b) (2). She also noted that previous disciplinary cases addressing violations of Rules 1.5, 1.15 (I), 1.15 (II), and 1.15 (III) have resulted in disbarment. See *In the Matter of Turner*, 311 Ga. 204 (857 SE2d 197) (2021) (disbarring attorney who violated Rules 1.3, 1.4, 1.15 (I) (a), 1.15 (I) (c), 1.15 (II) (b), 1.15 (III) (b) (1), 1.15 (III) (e), 8.4 (a) (4), and 9.3, and who, among other things, failed to maintain complete records for his trust account, to keep records to reflect at all times the exact balance held for each client or third person, and to properly designate his trust account, and where attorney withdrew funds from his trust account for his own personal use); *In the Matter of Berry*, 310 Ga. 158, 159 (848 SE2d 71) (2020) (disbarring an attorney who violated Rules 1.2 (a), 1.3, 1.4 (a), 1.5 (b), 1.5 (c) (2), 1.15 (I) (a), 1.15 (I) (b), and 8.4 (a) (4), where the attorney failed to maintain records related to funds that he received for the benefit of his client in connection with the settlement of her personal injury claim and

4

misappropriated the funds that he was supposed to remit to a provider on her behalf). Accordingly, the special master recommended that the Court accept Sims's petitions for voluntary surrender of his license.

We have reviewed the record and agree to accept Sims's petitions for voluntary surrender of his license, which is tantamount to disbarment. See Bar Rule 4-110 (f). Accordingly, it is ordered that the name of Waymon Sims be removed from the rolls of persons authorized to practice law in the State of Georgia. Sims is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Voluntary surrender of license accepted. All the Justices concur.*

Decided January 19, 2022.

Voluntary surrender of license.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Christine A. Kohler*, for Sims.