313 Ga. 637
FINAL COPY

S21Y1141.  IN THE MATTER OF EVELYN PROCTOR.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline recommending the disbarment of Evelyn Proctor (State Bar No. 588425) for misconduct related to her abandonment of three clients.  The State Bar attempted to serve Proctor personally at the address listed with the State Bar, but the sheriff filed a return of service non est inventus.  The State Bar then properly served Proctor by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii).  Proctor failed to file a Notice of Rejection.  Therefore, she is in default, has waived her right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court.  See Bar Rule 4-208.1 (b).

Proctor, who was admitted to the State Bar in 1992, is currently ineligible to practice law because she has not satisfied the requirements for active membership, including payment of fees and

completion of continuing legal education requirements. See *In the Matter of Proctor*, Case Nos. S20Y1356, S20Y1559 (Apr. 27, 2021) (lifting interim suspension imposed following failure to respond to Notices of Investigation but noting that Proctor "remain[ed] ineligible to practice law because she ha[d] not satisfied the requirements for active membership, including payment of license fees and completion of continuing legal education requirements").

The facts, as deemed admitted by virtue of Proctor's default, show the following. In connection with State Disciplinary Board ("SDB") Docket No. 7458, in September 2018, Proctor was retained to represent a client in an uncontested divorce for a flat fee of $2,500 plus $300 for the filing fee, and she agreed to file the action in January 2019. After making partial payments through January 2019, the client contacted Proctor to confirm when the action would be filed, and Proctor responded that she was taking an extended vacation and that upon her return, she would review the documents the client had provided. After several weeks passed without receiving any response to her messages, the client contacted Proctor,

who told her that her mother had passed away and that she would make contact upon her return to work. On February 10, 2019, the client contacted Proctor for a case update and was told that the action would be filed once the final payment of $500 was paid; the client agreed and said she would send $250 by priority mail and would make arrangements to pay the remainder. The client sent Proctor text messages on February 18, 25, and 26, 2019, but Proctor failed to respond. On March 10, 2019, Proctor contacted the client to inform her that she was having a difficult time with the death of her mother, offered to contact another attorney who could handle the divorce, and agreed to be responsible for the fees for the new attorney. However, Proctor failed to contact a new attorney, failed to file the action, failed to respond to the client's letter terminating her and demanding a full refund, and failed to refund the fee.

In connection with SDB Docket No. 7459, on January 23, 2018, Proctor was retained by a client to file a child support modification action and was paid a flat fee of $2,500. Proctor, however, failed to file the modification action; failed to timely and meaningfully

3

respond to the client's three requests for information about the status of the matter; and after being terminated by the client, failed to return the fee or the client's file.

In connection with SDB Docket No. 7460, Proctor was appointed to represent a client in a misdemeanor criminal matter in April 2018. She did not meet with her client until four months after her appointment, moments before a scheduled hearing, and after the hearing, she failed to respond to her client's letters and failed to file certain motions as he requested. The trial court ultimately removed Proctor as appointed counsel. In connection with all three matters, Proctor failed to respond to the State Bar until she provided late responses to the Notices of Investigation.

Based on these facts, we agree with the State Disciplinary Board that, by this conduct, Proctor violated Rules 1.3, 1.4, 1.5 (a), 1.15 (I) (d), 1.16 (d), and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.3 and 1.15 (I) (d) is disbarment, and the maximum sanction for a violation of Rules 1.4, 1.5 (a), 1.16 (d), and

4

9.3 is a public reprimand.

We also agree that aggravating circumstances are present in light of Proctor's pattern of misconduct, commission of multiple offenses, and substantial experience in the practice of law, and that only one mitigating factor is present — Proctor's lack of a prior disciplinary record. See ABA Standards for Imposing Lawyer Sanctions, Standards 9.22 (c), (d), and (i) and 9.32 (a). See also *In the Matter of Morse*, 265 Ga. 353, 354 (456 SE2d 52) (1995) (this Court looks to ABA Standards for guidance in determining appropriate sanction to impose).

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter and is consistent with prior cases in which an attorney abandoned clients and defaulted under a Notice of Discipline. See, e.g., *In the Matter of Annis*, 306 Ga. 187 (829 SE2d 346) (2019); *In the Matter of Larson*, 305 Ga. 522 (826 SE2d 99) (2019); *In the Matter of Miller*, 302 Ga. 366 (806 SE2d 596) (2017). Accordingly, it is hereby ordered that the name of Evelyn Proctor be removed from the rolls of persons authorized to practice

5

law in the State of Georgia. Proctor is reminded of her duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*

Decided May 3, 2022.

Disbarment.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Wolanda R. Shelton, Assistant General Counsel State Bar*, for State Bar of Georgia.