NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: August 23, 2022

S22Y0536.  IN THE MATTER OF STEPHEN ANTHONY POWER.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline ("Notice"), recommending the disbarment of Stephen Anthony Power[1] (State Bar No. 600565) in connection with three matters set out in State Disciplinary Board Docket ("SDBD") Nos. 7532, 7533, and 7534.  After the State Bar requested that Power acknowledge service of the Notice and he failed to respond, the State Bar made several attempts to personally serve Power at the address on record with the State Bar, but was unable to perfect personal service.  The State Bar then properly served Power by publication

---

[1] Power was admitted to the State Bar in 2009 and was administratively suspended on July 2, 2021 for nonpayment of license fees.  Power is also deficient in Continuing Legal Education credits.

pursuant to Bar Rule 4-203.1 (b) (3) (ii), but Power failed to file a Notice of Rejection. Therefore, he is in default, has waived his right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by Power's default, are as follows:

In connection with SDBD No. 7532, in May 2018, a client retained Power to represent him in a divorce proceeding and paid Power $1,258. However, Power never performed any legal services in the matter, failed to respond to his client's requests for information, failed to respond when his client terminated the representation in October 2019, and failed to refund the fee.

In connection with SDBD No. 7533, in July 2019, a client retained Power to represent him in a child custody modification action. After the client's former spouse declined to consent to modification, Power advised his client to file a contested petition for modification. Power's client executed a legal services contract for

2

the representation and paid Power a $3,000 flat fee. Power performed some work on the matter in the fall of 2019. However, after Power had his client sign a verification form on November 9, 2019 to accompany the petition and indicated that the petition would be filed, Power never filed the petition. Power also failed to communicate with his client again or respond to any of his client's repeated communications seeking information about the status of the matter.

In connection with SDBD No. 7534, in April 2020, the State Bar received notification that Power's trust account was overdrawn by $1,500, and in May 2020, the State Bar received notification of an additional overdraft of $3,000. Power did not respond to any of the State Bar's inquiries about the overdrafts.

In connection with each of the above matters, Power failed to acknowledge service of the Notices of Investigation. Additionally, Power failed to file sworn, written responses to the Notices as required by Bar Rule 4-204.3 after Power was served by publication when personal service could not be completed.

Based on these facts, the State Disciplinary Board found probable cause to believe that Power violated Rules 1.2 (a), 1.3, 1.4, 1.5 (a), 1.15 (I), 1.15 (II), 1.15 (III), 1.16 (d), and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.2, 1.3, 1.15 (I), 1.15 (II), and 1.15 (III) is disbarment, and the maximum sanction for a violation of Rules 1.4, 1.5, 1.16, and 9.3 is a public reprimand.

The Board considered as aggravating factors Power's 12 years of practice, his "repetitive pattern of misconduct" in the above matters, and his intentional failure to comply with Bar Rules as demonstrated by his failure to respond to the State Bar and his clients and his failure to keep his contact information with the State Bar up to date; the Board considered as a mitigating factor Power's lack of a prior disciplinary history. See ABA Standards for Imposing Sanctions 9.32 (c), (i) and 9.33 (a); *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996) (stating that this Court looks to the ABA Standards for guidance in determining appropriate disciplinary sanction).

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter and is consistent with similar cases in which a lawyer abandons clients, violates the rules related to trust accounts, and defaults during the disciplinary process. See, e.g., *In the Matter of Proctor*, 313 Ga. 637 (872 SE2d 691) (2022) (disbarring attorney who defaulted under notice of discipline for abandonment of three clients and violations of trust account rules); *In the Matter of Plumides*, 311 Ga. 65 (855 SE2d 651) (2021) (disbarring attorney who defaulted under notice of discipline and who engaged in pattern of abandoning clients and violating trust account rules). Accordingly, it is hereby ordered that the name of Stephen Anthony Power be removed from the rolls of persons authorized to practice law in the State of Georgia. Power is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*