309 Ga. 187
FINAL COPY

S20Z0712.  IN THE MATTER OF JAMES CALEB CLARKE III.

PER CURIAM.

This bar admission matter is before the Court on the Application for Certification of Fitness to Practice Law, pursuant to Part A, Section 10 of the Rules Governing Admission to Practice Law in Georgia ("Bar Admissions Rules"), filed by James Caleb Clarke III. In 2002, Clarke voluntarily surrendered his license, which is tantamount to disbarment, after admitting that he engaged in misconduct that violated then-applicable Standards 44, 65 (A), and 65 (D), of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). See *In the Matter of Clarke*, 275 Ga. 814 (573 SE2d 81) (2002). Specifically, in his petition to surrender his license, Clarke admitted that while serving as the administrator of an estate, he withdrew $90,000 from the estate account for his own personal use (later paying it back), appropriated for his own personal use an automobile that was property of the estate, falsely

told the heirs he had sold the vehicle and deposited the proceeds into the estate account, and failed to file proper income tax returns on behalf of the estate between 1996 and 1999. See id. at 814-815.

On August 28, 2019, Clarke filed his Application for Certification of Fitness, which reflects that following his disbarment, Clarke attended Columbia Theological Seminary and graduated with a Master's Degree in Divinity in May 2007. Clarke then began serving as a pastor, and currently serves as a senior pastor at a Presbyterian church in Stone Mountain, Georgia, where he has been employed since January 2010. In his statement of rehabilitation, Clarke admits that he violated his responsibilities and mishandled the office of executor and states that he has since paid full restitution to the estate and has reconciled with the heirs. He further states that in his current role as a senior pastor, he oversees youth education programs, a care center for senior adults, and the budget at his church, and engages in regular service to the community, including at local refugee centers and hospitals and by providing marriage counseling to couples. In addition to the

statement of rehabilitation, Clarke provided several letters of support from his colleagues and members of his congregation, which commend his honesty, integrity, and service to and support of members of his community. An heir to the estate that Clarke mishandled provided a letter of support, stating that she feels "deeply convinced that [Clarke] has turned his life around and has earned reinstatement of his attorney's license."

Through its investigation, the Fitness Board determined that no grievances or other disciplinary matters against Clarke are pending before the State Bar and that he owes no restitution to the Client Security Fund. At an informal conference convened before the Fitness Board, Clarke acknowledged and accepted responsibility for his past wrongdoing, expressed gratitude for the personal growth that he has undergone in its aftermath, and expressed his desire to clear his name in order to provide a positive legacy for his family. After considering Clarke's testimony and written submissions, the Fitness Board concluded that Clarke had, by clear and convincing evidence, carried his burden of demonstrating rehabilitation. See *In*

*re Cason*, 249 Ga. 806, 808 (294 SE2d 520) (1982).

Upon consideration of the entire record, we likewise conclude that Clarke has shown that he is entitled to be certified as fit to practice law in Georgia. Accordingly, as it appears that Clarke has satisfied all requirements for approval of his application for certification of fitness, see Bar Admissions Rules, Part A, Section 10, this Court grants Clarke's application for certification of fitness and orders that, upon satisfaction of all the requirements of Part B of the Bar Admissions Rules, including taking and passing the Georgia Bar Examination, Clarke may be readmitted as an attorney licensed to practice law in the State of Georgia.

*Certification of fitness for readmission granted. All the Justices concur.*

DECIDED JUNE 16, 2020.
Reinstatement.
*Heidi M. Faenza,* for Office of Bar Admissions.