NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: August 9, 2022

S22Y0917.  IN THE MATTER OF AMBER HOLLY BUNCH.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of Special Master Delia T. Crouch, who recommends that the Court accept the petition for voluntary surrender of license filed by Amber Holly Bunch (State Bar No. 994313), after the filing of a formal complaint.  See Bar Rule 4-227 (c).  In her petition, Bunch requested that she be allowed to voluntarily surrender her license for her admitted violations, in two separate but related matters, of Rules 1.3, 1.15 (I) (a), 1.15 (I) (c), 1.15 (II) (a), 1.15 (II) (b), and 3.2 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d).  While one of the matters has not yet been docketed with this Court, is considered confidential, and was not before the Special Master, Bunch waived confidentiality

and requested that the Special Master also consider the admissions of fact and rule violations in that matter as part of her petition.

In her petition, Bunch, who has been a member of the State Bar since 2016, admitted the following facts. With regard to State Disciplinary Board Docket ("SDBD") No. 7462, Bunch admitted that in December 2017, a client retained her for a personal injury action arising from an accident. Bunch eventually settled the client's claim against the defendant for the policy limit of $100,000 in April 2018 and deposited the settlement check into her IOLTA account. However, Bunch failed to safeguard the settlement funds and allowed the balance in her trust account to fall below the amount she should have held for the client, and she also failed to maintain records reflecting the balance held for her client in the IOLTA account. In addition, Bunch maintained personal funds in her IOLTA account during the same time she held funds for the client; she withdrew funds for her personal use; and she did not deliver the settlement funds to her client until January 2021. She further admitted that she used personal funds to disburse the settlement

2

funds to her client and that she did not disburse the settlement funds from her IOLTA account. During the litigation of her client's lawsuit, Bunch also failed to adequately respond to discovery sent by the uninsured/underinsured motorist carrier on behalf of the client, and the uninsured/underinsured motorist carrier filed several motions to compel discovery, but Bunch failed to file a response to those motions either. With regard to SDBD No. 7508, the undocketed matter, Bunch admitted that from September 2018 to March 2020, she maintained personal funds in her IOLTA account; she failed to keep records showing the exact balance held for each client; and she failed to safeguard client funds.

Based on her conduct in SDBD No. 7462, Bunch admitted violating Rule 1.3 by failing to respond to motions on behalf of her client. In addition, she admitted violating Rules 1.15 (I) (a) and 1.15 (I) (c) by failing to safeguard the client's settlement funds, commingling personal and client funds, failing to keep complete records of the client's funds, failing to properly account for the client's funds, and failing to promptly deliver the settlement funds

3

to the client. Next, Bunch admitted that she violated Rules 1.15 (II) (a) and 1.15 (II) (b) by failing to administer client funds from a trust account, by failing to maintain records reflecting the balance held for her client, and at times having a lower balance in her trust account than the amount she should have been holding for her client. Bunch also admitted that she could not ascertain from her existing records when the client's money had been withdrawn and for what purpose. Next, Bunch admitted that she violated Rule 3.2 by failing to respond to discovery and motions filed against the client in order to expedite the litigation consistent with the client's interests. Finally, as to SDBD No. 7508, Bunch admitted that based on her conduct she violated Rules 1.15 (I) (a) and 1.15 (II) (b) by failing to safeguard client funds, by commingling client and personal funds in her trust account, and by failing to keep records of client funds, including the exact balance held for each client. The maximum penalty for a violation of each of these Rules is disbarment, except Rule 3.2, for which the maximum penalty is a public reprimand.

4

After the State Bar responded and recommended that the Special Master accept Bunch's petition for voluntary surrender of license, the Special Master issued her report, recommending that this Court accept the petition for voluntary surrender of license. In a thorough report and recommendation, the Special Master agreed that Bunch's admitted conduct as outlined in her petition supported violations of Rules 1.3, 1.15 (I) (a), 1.15 (I) (c), 1.15 (II) (a), 1.15 (II) (b), and 3.2. The Special Master further determined that, although relatively inexperienced in the practice of law, Bunch demonstrated personal conduct that was antithetical to the standards required of those licensed to practice law in this state and that warranted and compelled disbarment. Accordingly, the Special Master recommended that this Court accept Bunch's petition for voluntary surrender of license, which is tantamount to disbarment. See Bar Rule 1.0 (s).

Having reviewed the record, we agree to accept the Special Master's recommendation, which is consistent with prior, similar cases. See *In the Matter of Sims*, 313 Ga. 117, 119 (868 SE2d 192)

(2020) (accepting voluntary surrender of license on recommendation of Special Master where attorney committed multiple trust account violations); *In the Matter of Flit*, 309 Ga. 440, 441 (846 SE2d 403) (2020) (accepting voluntary surrender of license on recommendation of Special Master where attorney failed in two separate matters to give accounting of settlement proceeds or deliver funds to clients); *In the Matter of Dabney-Froe*, 302 Ga. 746, 746-747 (808 SE2d 649) (2017) (accepting voluntary surrender of license where attorney failed promptly to disburse funds or provide accounting of funds). Accordingly, it is ordered that the name of Amber Holly Bunch be removed from the rolls of persons authorized to practice law in the State of Georgia. Bunch is reminded of her duties pursuant to Bar Rule 4-219 (b).

*Voluntary surrender of license accepted. All the Justices concur.*