NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: December 19, 2023

S24Y0019. IN THE MATTER OF STEVEN RYAN WEBSTER.

PER CURIAM.

This disciplinary matter is before the Court on a petition for voluntary discipline filed by Steven Ryan Webster (State Bar No. 745245) prior to the issuance of a formal complaint. See Bar Rule 4-227 (b). In his petition, which concerns five underlying disciplinary matters, Webster, who has been a member of the State Bar of Georgia since 1992, admits that he violated Rules 1.15 (I) (a) and (c) and 1.15 (II) (b) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d) and requests that this Court accept the voluntary surrender of his license to practice law, which he acknowledges is tantamount to disbarment. See Rule 1.0 (s). The State Bar has responded to Webster's petition, recommending that the Court accept the discipline proposed, and we agree to do so.

With regard to State Disciplinary Board Docket ("SDBD") No. 7749, Webster admits he was the closing attorney for the sale of a property and that on May 17, 2022, the purchaser wired $6,000 in earnest money to be held by Webster. On June 25, 2022, the purchase agreement was terminated such that the purchaser was to receive the earnest money held by Webster. Webster mailed a check for $6,000 to the purchaser, but it was returned for insufficient funds. Webster did not respond to the purchaser's requests for the funds.

Regarding SDBD No. 7750, Webster admits he was the closing attorney for the sale of a property. The closing took place on June 3, 2022, and the proceeds from the sale of the home were wired to Webster's firm. After putting $200,000 toward the seller's new mortgage, the seller was still owed $70,677.98 from the proceeds of the sale. Webster wrote a check for that amount which the seller deposited, but the check was returned for insufficient funds. When the seller contacted Webster. he told her that his account was short $380,000 and that his bank had frozen his account. Webster used

his personal funds to pay the seller and wired the money to her on July 7, 2022.

Regarding SDBD No. 7751, Webster admits he was signed as a title insurance agent by a title company in 2013. As part of his agency agreement, Webster issued title insurance for his clients and provided various settlement services. But Webster failed to provide reconciliations for the title company's review, failed to remit premiums collected for the title insurance policies, and failed to issue policies. The title company terminated Webster's agency in May 2022 and requested that Webster disburse funds owed to the title company. Webster failed to respond to the requests.

Regarding SDBD No. 7752, Webster admits he was the closing attorney for a property. Webster was supposed to disburse funds pursuant to a closing disclosure, including a payment to an insurance company for the purchaser's homeowners' insurance policy. Webster failed to disburse the funds and failed to remit the insurance payment, which caused the insurance to lapse in July

3

2022. Webster failed to respond to the purchaser's emails and phone calls.

Regarding SDBD No. 7753, Webster admits that, in June 2022, the State Bar of Georgia received a notice from Webster's bank that four checks totaling $52,221.40 were returned unpaid on Webster's attorney trust account number because his trust account balance was insufficient to pay the items. The bank froze Webster's bank accounts and then sent additional documentation to the State Bar reflecting that multiple checks totaling over $400,000 had been returned unpaid on Webster's trust account. Because Webster has approximately $18,000 in one of the bank accounts, the bank is filing an interpleader action to distribute those funds to the affected clients. Webster admits that he moved funds from his trust account to his operating account to pay business expenses.

By this conduct, Webster admits he violated Rule 1.15 (I) (a) and (c) when he (1) failed to safeguard fiduciary funds; (2) failed to maintain complete records of account funds; (3) failed to promptly deliver funds that third persons were entitled to; and (4) failed to

4

render a full accounting of the funds in his possession when it was requested. Further, Webster admits he violated Rule 1.15 (II) (b) when he (1) withdrew funds from the trust account and deposited the funds into his firm's operating account for business purposes, which constitutes personal use under Rule 1.15 (II) (b); and (2) failed to maintain records reflecting at all times the exact balance held for each client or third person. Webster acknowledges that the maximum punishment for a violation of any of these Rules is disbarment and that voluntary surrender of his license to practice law is tantamount to disbarment. See Rule 1.0 (s). See also *In the Matter of Williams*, 291 Ga. 659 (732 SE2d 85) (2012); *In the Matter of Campbell*, 282 Ga. 688 (653 SE2d 51) (2007).

The State Bar filed a response and asserts that Webster's petition contains admissions of fact and conduct sufficient to authorize the imposition of the discipline he has requested. It claims that Webster's absence of a prior disciplinary record may be considered in mitigation, see American Bar Association's Standards for Imposing Lawyer Sanctions ("ABA Standards"), Standard 9.32

5

(a), and that Webster's dishonest or selfish motive; pattern of misconduct; and multiple offenses may be considered in aggravation, see ABA Standard 9.22 (b), (c), and (d). The State Bar notes that previous disciplinary cases addressing violations of Rules 1.15 (I) and 1.15 (II) have resulted in disbarment. See *In the Matter of Arrington*, 314 Ga. 696, 698-99 (878 SE2d 534) (2022) (disbarring attorney who violated Rules 1.15 (I) (a) and 1.15 (II) (b)); *In the Matter of Bunch*, 314 Ga. 423, 424-25 (877 SE2d 274) (2022) (accepting voluntary surrender of license where attorney violated Rules 1.3, 1.15 (I) (a) and (c), 1.15 (II) (a) and (b), and 3.2); *In the Matter of Stuhler*, 291 Ga. 660, 660-61 (732 SE2d 84) (2012) (accepting voluntary surrender of license where attorney violated Rules 1.15 (I) (a) and (b) and 1.15 (II) (b)). Accordingly, the State Bar recommends that the Court accept Webster's petition.

We have reviewed the record and agree to accept Webster's petition for voluntary discipline wherein he requests that this Court accept the voluntary surrender of his license, which is tantamount to disbarment. Accordingly, it is ordered that the name of Steven

Ryan Webster be removed from the rolls of persons authorized to practice law in the State of Georgia. Webster is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Voluntary surrender of license accepted. All the Justices concur.*