NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: May 6, 2025

S25Y0598.  IN THE MATTER OF STEPHEN DANA MORRISON, JR.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of Special Master Adam Marshall Hames, who recommends that the Court accept the petition for voluntary surrender of license filed by Stephen Dana Morrison, Jr. (State Bar No. 525180), after the filing of a formal complaint.  See Bar Rule 4-227 (c). In his petition, Morrison requested that he be allowed to voluntarily surrender his license for his admitted violations in connection to a personal injury case of Rules 1.15 (I) (a) and 1.15 (II) (b) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d).

In his petition, Morrison, who has been a member of the State

Bar since 1993, admitted that he represented two clients, who later died, in a personal injury matter and on January 2, 2020, settled the clients' claims for $27,500. At the end of January, the funds were deposited in Morrison's trust account, and he was aware that before he was able to release the funds to the clients' estates, he was obligated to determine if Medicare had any claim to the funds. However, Morrison failed to resolve any potential Medicare claim and never distributed the settlement funds to the clients' estates. Instead, Morrison, during a period in which he was suffering from mental and emotional issues, converted the funds for his own personal use. Morrison states that he is attempting to obtain funds sufficient to repay the clients' estates and is "currently seeking a loan[] to propose a repayment plan to rectify his grievous error and make full restitution."

Based on his conduct, Morrison admitted to violating Rule 1.15 (I) (a)[1] by failing to hold the clients' settlement funds separate from

---

[1] Rule 1.15 (I) (a) provides, in relevant part, "[a] lawyer shall hold funds or other property of clients or third persons that are in a lawyer's possession

his own funds and by failing to appropriately safeguard those funds, and Rule 1.15 (II) (b)[2] by failing to keep and maintain records on his trust account and by improperly withdrawing settlement funds for his own personal use. The maximum penalty for a violation of each of these Rules is disbarment.

After the State Bar responded and recommended that the Special Master accept Morrison's petition for voluntary surrender of license, the Special Master issued his report and recommendation, recommending that this Court accept the petition for voluntary surrender of license. The Special Master agreed that Morrison's admitted conduct as outlined in his petition supported violations of Rules 1.15 (I) (a) and 1.15 (II) (b). The Special Master further noted that the American Bar Association has published Standards for

---

in connection with a representation separate from the lawyer's own funds or other property. . . . Funds shall be kept in one or more separate accounts . . . and appropriately safeguarded."

[2] Rule 1.15 (II) (b) directs that "[r]ecords on . . . trust accounts shall be so kept and maintained as to reflect at all times the exact balance held for each client or third person. No funds shall be withdrawn from such trust accounts for the personal use of the lawyer maintaining the account except earned lawyer's fees debited against the account of a specific client and recorded as such."

Imposing Lawyer Sanctions, which are instructive in determining the appropriate sanction in disciplinary cases, see *In the Matter of Morse*, 266 Ga. 652 (470 SE2d 232) (1996), and that in imposing a sanction after a finding of lawyer misconduct, the ABA Standards provide that disciplinary authorities should consider the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existing aggravating or mitigating factors. See ABA Standard 3.0. The Special Master then found that Morrison violated a duty to his clients, that he acted knowingly and intentionally, and that he caused serious injury to the clients. Regarding aggravating factors, the Special Master found that Morrison had a dishonest or selfish motive, engaged in a pattern of misconduct by making material misrepresentations about the status of the funds, and had substantial experience in the practice of law.[3] See ABA Standard 9.22 (b), (c), and (i). In

---

[3] Although the State Bar stated in its response that, in aggravation, Morrison had a prior disciplinary offense, his clients were vulnerable victims, and he was indifferent to paying restitution, see ABA Standard 9.22 (a), (h) and (j), the Special Master determined that there was not sufficient evidence to make a finding on these factors.

mitigation, the Special Master noted that Morrison had accepted responsibility for his actions, but the Special Master did not tie this finding to one of the mitigating factors set forth in ABA Standard 9.32.

The Special Master then stated that based on his findings, a sanction of disbarment was supported by the ABA Standards. See ABA Standard 4.11 (disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client); ABA Standard 5.11 (a) and (b) (disbarment is appropriate when a lawyer engages in serious criminal conduct, including misappropriation or theft, or when a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice); ABA Standard 4.41 (disbarment is generally appropriate where the lawyer fails to perform services for a client which causes potentially serious injury); ABA Standard 4.61 (disbarment is appropriate where a lawyer knowingly deceives a client with the intent to benefit the lawyer).

5

Although the Special Master expressed concern that Morrison did not admit that he violated Rule 8.4 (a) (4),[4] as alleged by the State Bar in its formal complaint, the Special Master ultimately recommended that the petition for voluntary surrender of license should be accepted, as such a sanction is consistent with other cases involving similar Rule violations. Further, the Special Master recommended that this Court impose a condition that, if Morrison ever applies for readmission, he is required to make full restitution of all funds converted.

Having reviewed the record, we agree to accept Morrison's petition for voluntary surrender of license. See, e.g., *In the Matter of Middleton*, 316 Ga. 825 (890 SE2d 712) (2023) (accepting petition for voluntary surrender of license where attorney admitted to violating Rules 1.15 (I) (c) and 1.15 (II) (b) by failing to disburse client funds and incrementally withdrawing settlement proceeds for personal

---

[4] Rule 8.4 (a) (4) provides, in relevant part, that "[a lawyer may not] engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation." The maximum penalty for a violation of GRPC 8.4 (a) (4) is disbarment.

6

use); *In the Matter of Webster*, 318 Ga. 27 (896 SE2d 546) (2023) (accepting petition for voluntary surrender of license where attorney admitted to violating Rule 1.15 (I) (a) and (c) and Rule 1.15 (II) (b) by failing to safeguard fiduciary funds, failing to maintain complete records of account funds, and withdrawing funds from a trust account for personal use). And while we recognize that Morrison did not address the alleged Rule 8.4 (a) (4) violation in his petition, we note that the State Bar has no objection to the petition and that Morrison's proposed voluntary surrender of his license is tantamount to disbarment, so he would not receive greater discipline even if he had admitted to violating Rule 8.4 (a) (4). Thus, his failure to address this additional alleged Rule violation does not change our decision to accept the petition. See *In the Matter of Joshi*, 318 Ga. 20, 26 (896 SE2d 531) (2023) (on Special Master's report and recommendation, accepting petition for voluntary surrender of license and noting that "although this resolution leaves unaddressed the additional misconduct allegedly committed by Joshi, . . . even if that alleged misconduct were addressed and Joshi were found to

have committed additional Rules violations, the maximum sanction that could be imposed for such — disbarment — would be no greater").

While the Special Master recommended an additional repayment condition be included as part of the discipline imposed should Morrison seek readmission, "the GRPC do not contemplate allowing the Court to accept a petition for voluntary discipline and adding conditions to the petition that are more stringent than those requested." *In the Matter of McCall*, 314 Ga. 200, 208 (875 SE2d 765) (2022). So we do not impose this additional condition. If Morrison seeks readmission, whether he has paid full restitution may be considered in assessing whether to grant a certificate of fitness for readmission.[5] See, e.g., *In the Matter of Clarke*, 309 Ga. 187, 187 (844 SE2d 724) (2020) (granting certification and noting that the applicant "has since paid full restitution to the [client's] estate" even

---

[5] We note that Morrison admitted to converting $27,500 of his client's funds and that the Bar asserts that he has been "indifferent to making restitution" but that the Special Master did not make a finding as to the amount of restitution owed to make the clients' estate whole.

though no such condition was imposed when the petition for voluntary surrender of license was accepted). See also Bar Admission Rules Part A § (d) (4) (requiring the Fitness Board to confirm whether the applicant owes restitution to the Client Security Fund).

Accordingly, it is ordered that the name of Stephen Dana Morrison, Jr. be removed from the rolls of persons authorized to practice law in the State of Georgia. Morrison is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Voluntary surrender of license accepted. Peterson, CJ, Warren, PJ, and Bethel, Ellington, McMillian, LaGrua, Colvin, and Pinson, JJ, concur.*