NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: December 9, 2025

S26Y0129.  IN THE MATTER OF JE'NITA LANE.

PER CURIAM.

This disciplinary matter is before the Court on a petition for voluntary surrender of license filed by Je'Nita Lane (State Bar No. 865134) before the issuance of a formal complaint. See Bar Rule 4-227(b)(2). Lane, who has been a member of the State Bar of Georgia since 2011, admits that, in two client matters, she violated Rules 1.3, 1.15(I)(a), 1.15(I)(c), 1.15(II)(a), 1.15(II)(b), and 1.15(III)(a) of the Georgia Rules of Professional Conduct ("GRPC"), found in Bar Rule 4-102(d).[1] Disbarment is the maximum penalty for violating each of

---

[1] Rule 1.3 states: "A lawyer shall act with reasonable diligence and promptness in representing a client. Reasonable diligence as used in this rule means that a lawyer shall not without just cause to the detriment of the client in effect willfully abandon or willfully disregard a legal matter entrusted to the lawyer."

Rule 1.15(I)(a) states in relevant part: "A lawyer shall hold funds or other property of clients or third persons that are in a lawyer's possession in connection

these rules. Lane asks this Court to accept the voluntary surrender of her license to practice law, which is tantamount to disbarment. See GPRC 1.0(u). The State Bar recommends that the Court accept the proposed discipline, and we agree.

With respect to State Disciplinary Board Docket ("SDBD") No. 8025, Lane admits that she represented a husband and wife in a

with a representation separate from the lawyer's own funds or other property. Funds shall be kept in one or more separate accounts maintained in an approved institution."

Rule 1.15(I)(c) states in relevant part: "Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive."

Rule 1.15(II)(a) states in relevant part: "All funds held by a lawyer for a client and all funds held by a lawyer in any other fiduciary capacity shall be deposited in and administered from a trust account."

Rule 1.15(II)(b) states in relevant part: "No personal funds shall ever be deposited in a lawyer's trust account, except that unearned lawyer's fees may be so held until the same are earned. Sufficient personal funds of the lawyer may be kept in the trust account to cover maintenance fees such as service charges on the account…. No funds shall be withdrawn from such trust accounts for the personal use of the lawyer maintaining the account except earned lawyer's fees debited against the account of a specific client and recorded as such."

Rule 1.15(III)(a) states in relevant part: "Every lawyer who practices law in Georgia and who receives money or other property on behalf of a client or in any other fiduciary capacity shall maintain, in an approved financial institution as defined by this Rule, a trust account or accounts, separate from any business and personal accounts. Funds received by the lawyer on behalf of a client or in any other fiduciary capacity shall be deposited into this account."

medical malpractice matter. During settlement negotiations, the clients terminated their processional relationship with Lane. At that time, Lane, who had previously settled a premises liability claim for the clients, had $199,045.41 from the settlement in her IOLTA account to satisfy the clients' pending Medicaid lien. But before the lien was satisfied, Lane withdrew funds from her IOLTA account. The lien remains unsatisfied, and Lane does not have enough funds in her IOLTA account to satisfy it. Based on this conduct, Lane admits that she has violated Rules 1.3, 1.15(I)(c), and 1.15(II)(b).

Regarding SDBD No. 8026, Lane admits that, in October 2023, her IOLTA account was overdrawn by $65,488.95 after she withdrew funds for her personal and business use. She later replaced the improperly withdrawn money by depositing personal funds into her IOLTA account. Additionally, while her IOLTA account was overdrawn, she deposited several settlement checks into her firm's operating account instead of her IOLTA account. Based on this conduct, Lane admits that she violated Rules 1.15(I)(a),(c), 1.15(II)(a)–(b), and 1.15(III)(a).

Having reviewed the record, we accept Lane's petition for voluntary surrender of her license. See *In the Matter of Sims*, 313 Ga. 117 (2022) (accepting voluntary surrender of license where attorney committed multiple trust account violations); *In the Matter of Dabney-Froe*, 302 Ga. 746 (2017) (same where, among other things, attorney failed to promptly disburse client settlement funds and/or pay medical bills in clients' cases); *In the Matter of Morrison*, 321 Ga. 526 (2025) (same where, among other things, attorney admitted violating Rules 1.15(I)(a) and 1.15(II)(b) by failing to keep client settlement funds separate from attorney's own funds and by withdrawing settlement funds for his personal use); *In the Matter of Snipes*, 303 Ga. 800 (2018) (disbarring attorney who violated Rules 1.3 and 1.15(I) by failing to pay client's outstanding medical bills from settlement funds as promised).

Accordingly, we order that Lane be removed from the rolls of persons authorized to practice law in the State of Georgia. Lane is reminded of her duties pursuant to Bar Rule 4-129(b).

*Voluntary surrender of license accepted. All the Justices concur.*

4